In the Matter of K.S.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-295-CV

IN THE MATTER OF K.S. 

------------

FROM THE PROBATE COURT OF DENTON COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

I.  INTRODUCTION

K.S. appeals the trial court’s judgment temporarily committing him to a state hospital to receive mental health services.  In a single point, K.S. challenges the legal and factual sufficiency of the evidence to support the trial court’s findings that he is mentally ill and needs inpatient treatment. 
We will affirm.

II.  LAW AND APPLICATION TO FACTS

A trial court may order a person to receive temporary inpatient mental health services if the court finds, from clear and convincing evidence, that the person is mentally ill and, as a result of that mental illness, is likely to cause serious harm to others.  
Tex. Health & Safety Code Ann.
 § 574.034(a)(1), (2)(B) (Vernon 2003).  Clear and convincing evidence is “that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.”
  State v. Addington,
 588 S.W.2d 569, 570 (Tex. 1979).  
To establish clear and convincing evidence supporting court-ordered mental health services, the State must produce expert
 testimony and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tends to confirm either (1) the likelihood of serious harm to the proposed patient or others or (2) the proposed patient's distress and the deterioration of ability to function.
  
Tex. Health & Safety Code Ann.
 § 574.034(d)
.

At the commitment hearing,
 James Shupe, M.D. testified that K.S. suffered from schizoaffective disorder and was likely to cause serious harm to himself and others.  Dr. Shupe based this diagnosis on his review of paperwork from North Texas State Hospital, an interview with K.S. the day of the hearing, examinations of K.S. on five to ten prior occasions, and a discussion with K.S.’s sister regarding K.S.’s behavior.  Dr. Shupe further testified that K.S.’s sister told him she suspected that K.S. had either started drinking or been offered alcohol and had stopped taking his medications.  K.S.’s sister also told Dr. Shupe that K.S., who did not have a driver’s license, took his brother’s car without permission; that K.S. 
nearly ran over both her and her daughter with the car; and that police were called to the scene to restrain him.
(footnote: 2)  

While examining K.S., Dr. Shupe observed that K.S.’s speech was fast and that K.S. seemed very angry with his sister and family because they were involved in returning him to the hospital
.  Dr. Shupe testified that K.S.’s rapid speech was a symptom that presented itself when K.S. was “not doing well” and that in his opinion, K.S. would be a danger to himself and others if released that day.  Dr. Shupe therefore recommended that K.S. remain in a hospital inpatient setting until becoming stable on his prescribed drug treatment regimen.

K.S. also testified at the commitment hearing, denying that he had driven the car without his brother’s permission and denying that he attempted to run over his sister and her daughter.  Although K.S. stated that he could comply with his new medication regimen without inpatient treatment, he also testified that he did not believe he needed medical monitoring while beginning this new regimen and that the medication “is all poison.”

Applying the appropriate standards of review,
(footnote: 3) we hold that the evidence in this case is legally and factually sufficient to support the trial court’s findings.  We overrule K.S.’s single point on appeal.

III.  CONCLUSION

Having overruled K.S.’s single point, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DELIVERED: February 12, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4.

2:
K.S.’s complaint that the trial court should not have considered this evidence because it is hearsay is waived, as this objection was not raised in the trial court.  
 
See
 Tex. R. App. P.
 33.1(a); 
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g); 
see also
 
Tex. R. Evid.
 802 (“Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay.”).

3:
Evidence
 is legally sufficient if, when viewed in the light most favorable to the finding, it is 
such that a fact finder could “reasonably form a firm belief or conviction” that the allegations in the petition were proven.  
In re J.F.C.
, 96 S.W.3d 256, 265-66 (Tex. 2002).  
Evidence is factually sufficient if the fact finder could form this same firm belief or conviction based on the entire record.  
In re C.H.
, 89 S.W.3d 17, 28 (Tex. 2002)
.