NUMBER 13-04-00591-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


BELINDA TORRES, Appellant,


v.



CORPUS CHRISTI HOUSING AUTHORITY, Appellee.

 


On appeal from the County Court at Law Number 5


of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Hinojosa



 This appeal arose from a forcible detainer action filed in the justice court by
appellee, Corpus Christi Housing Authority, against appellant, Belinda Torres, a tenant, for
alleged violations of lease rules and regulations. After the justice court ordered her eviction
from the premises in question, Torres appealed to the county court at law. After the county
court at law ordered her eviction from the premises in question, Torres appealed to this
Court. In five issues, Torres contends (1) the notice to terminate was inadequate to satisfy
due process, (2) the Housing Authority failed to prove the incident specified in the notice
to terminate, and (3) the trial court erred in finding that Torres had (a) threatened other
tenants, (b) solicited violence against other tenants, and (c) solicited violence against other
tenants because that incident was not included in the notice to terminate. We affirm. 

A. Background


 Torres has been a tenant of the Housing Authority since October 1999. According
to the lease, Torres has a duty to "act in a manner which will not disturb" her neighbors'
enjoyment of the housing. The lease also includes a copy of the "One Strike and You're
Out" policy. On February 10, 2004, Torres received a notice to terminate the lease that
cited a police report accusing Torres of terroristic threats. The notice did not include any
information about Torres's accuser; it stated only that threats had been occurring on a daily
basis "for awhile now." The notice also alleged threats made with a chain.

 Torres refused to leave, and the Housing Authority filed a suit for forcible detainer
in the justice court. On March 19, 2004, the justice court ordered Torres's eviction. Torres
appealed to the county court at law, and a trial de novo was held on September 27, 2004. 
Several witnesses testified regarding Torres's behavior on the premises. Two witnesses
testified that Torres called them vulgar names and threatened them daily. Another witness
testified that Torres offered him forty dollars to break another tenant's windows. No
objections were made to the introduction of any testimony.

 Torres testified and also presented the testimony of other tenants. These tenants
testified that they never heard Torres cursing at or threatening other residents. At the
conclusion of the trial, the trial court found that Torres had (1) threatened other tenants with
violence and vulgar language, (2) solicited violence against other tenants, and (3) solicited
someone to break another tenant's windows. The trial court ordered that Torres be evicted
from the premises.

B. Sufficiency of the Notice to Terminate


 In her first issue, Torres complains that the notice to terminate the lease is
insufficient under title 24, section 966.4(I) of the Code of Federal Regulations. 24 C.F.R.
§ 966.4(I). Therefore, she argues, the Housing Authority violated her right to due process.

 Because an action for forcible detainer is available only to a landlord who has
lawfully terminated a tenant's lease, a sufficient notice of eviction is a condition precedent
to such an action. Tex. Prop. Code Ann. §§ 24.002, 24.005 (Vernon 2005); see also
Moon v. Spring Creek Apartments, 11 S.W.3d 427, 435-36 (Tex. App.-Texarkana 2000,
no pet.). However, before complaining on appeal, an appellant must preserve error by
making a specific, timely objection to the issue, and the trial court must rule on the
objection. Tex. R. App. P. 33.1(a). If a party fails to make a timely and specific objection,
then error is not preserved and the complaint is waived. Bushell v. Dean, 803 S.W.2d 711,
712 (Tex. 1991). 

 We find no evidence in the record showing that Torres ever complained about the
sufficiency of the notice to terminate. Torres, therefore, waived any complaint on appeal
regarding the sufficiency of the notice. See Tex. R. App. P. 33.1(a). Torres's first issue is
overruled.

C. Incidents Not Included in Notice to Terminate


 In her second and fifth issues, Torres contends the trial court erred in considering
evidence that she interfered with the other tenants' use and enjoyment of the premises and
that she solicited someone to break another resident's windows, because these two
incidents were not alleged in the notice to terminate.

 When an issue not raised by the pleadings is tried by the express or implied consent
of the parties, such issue shall be treated in all respects as if it had been raised in the
pleadings. Tex. R. Civ. P. 67; Sage Street Assocs. v. Northdale Constr. Co., 863 S.W.2d
438, 445 (Tex. 1993). A party that allows an issue to be tried by consent and fails to raise
the lack of a pleading before submission of the case cannot later raise the pleading
deficiency for the first time on appeal. Roark v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492,
495 (Tex. 1991).

 Torres failed to object to the admission of evidence that she interfered with the other
tenants' use and enjoyment of the premises and that she solicited someone to break
another resident's windows. Those issues were tried by consent, even though they were
not raised in the notice to terminate. Torres cannot complain now about the deficiency in
the notice to terminate. Torres's second and fifth issues are overruled.

D. Factual Sufficiency of the Evidence


1. Threats and Vulgar Language


 In her third issue, Torres contends the trial court erred in finding by a preponderance
of the evidence that she threatened other tenants and used vulgar language so as to
interfere with those tenants' use and enjoyment of the property.

 In reviewing the factual sufficiency of the evidence, we consider, weigh, and
examine all the evidence presented at trial. Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d
442, 445 (Tex. 1989). We can set aside the finding only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986). When a trial court issues findings of fact and conclusions
of law, the findings of fact are binding on the appellate court, since the trial court was in the
best position to judge the credibility of the witnesses. See Pegasus Energy Group, Inc. v.
Cheyenne Petroleum Co., 3 S.W.3d 112, 121 (Tex. App.-Corpus Christi 1999, pet.
denied). 

 Two witnesses testified regarding Torres's vulgarity: Maria Flores, who had
complained specifically of the terrorist threats alleged in the notice to terminate, and Maria
Carrillo, one of Torres's neighbors. Flores testified that Torres regularly threatened her,
and directly contradicted Torres's testimony regarding a complaint about the volume of her
television. She also testified regarding Torres's use of vulgar language. Carrillo testified
about Torres's continuous use of vulgar language and the constant threats made by Torres
to her and her children.

 Although Torres presented several witnesses who testified that they knew of no
problems between Torres and the other tenants and had never observed Torres making
threats or using vulgar language, the credibility of the witnesses is within the province of
the trial court, and we will not second-guess the trial judge's credibility determinations. See
id.

 We conclude that the trial court's findings that Torres threatened her neighbors and
interfered with their enjoyment of the premises through the use of vulgar language are not
so contrary to the overwhelming weight of the evidence that they are clearly wrong and
unjust. Accordingly, we overrule Torres's third issue.

2. Solicitation to Break Other Tenant's Windows


 In her fourth issue, Torres contends the trial court erred in finding by a
preponderance of the evidence that Torres solicited someone to break another tenant's
windows for forty dollars.

 Crispin Arellano testified that Torres had offered him forty dollars to break Maria
Flores's windows. Sandra Hernandez, a rebuttal witness, testified that she did not like
Arellano and that he had a reputation for lying.

 As we stated above, determining the credibility of the witnesses is within the
province of the trial court, and we will not second-guess those determinations. See id. 
Because the trial court's finding that Torres solicited someone to break another tenant's
windows for forty dollars is not so contrary to the overwhelming weight of the evidence that
it is clearly wrong and unjust, we overrule Torres's fourth issue. 

 The judgment of the trial court is affirmed.


 FEDERICO G. HINOJOSA

 Justice



Memorandum Opinion delivered and filed this

the 3rd day of August, 2006.