Bill BUSHELL and The Syndex Corporation, a Texas Corporation, Petitioners,

v.

Mary C. DEAN, Respondent.

No. C–9522.

Supreme Court of Texas.

Feb. 13, 1991.

## OPINION ON MOTION FOR REHEARING

PER CURIAM.

Syndex's motion for rehearing is granted in part and overruled in part. This court's opinion and judgment of November 21, 1990, are withdrawn, and the following is substituted in their place.

Mary Dean brought this action against Bill Bushell and the Syndex Corporation, her former manager and employer, claiming assault, intentional infliction of emotional distress, and sexual harassment pursuant to Tex.Rev.Civ.Stat.Ann. art. 5221k, § 5.01 (1985). Dean obtained a favorable jury determination on each cause and the trial court rendered judgment awarding Dean $195,600 in actual and punitive damages and $123,000 in attorney's fees. The court of appeals reversed that part of the judgment awarding damages and attorney's fees for the sexual harassment claim and remanded that part of the cause for new trial. 781 S.W.2d 652. Because the court of appeals based this part of its judgment on unpreserved error, we reverse the judgment of the court of appeals and remand the cause to that court for further proceedings.

■ By three points of error to the court of appeals, Syndex attacked the trial court's admission of testimony by one of Dean's experts, Dr. Lucia Gilbert. Syndex asserted that the testimony was irrelevant, Tex.R.Civ.Evid. 402; that the probative value of the testimony was substantially outweighed by unfair prejudice, Tex.R.Civ. Evid. 403; and that the testimony was inadmissible character evidence. Tex.R.Civ. Evid. 404. The court of appeals sustained all three points of error.

Syndex did not preserve its objection to Dr. Gilbert's testimony at trial. On direct examination, Dr. Gilbert indicated that he was going to give a "working definition" of sexual harassment, including "general things that are true about a person who harasses." Syndex's counsel objected, stating,

712

I am objecting to the testimony of this expert witness as a whole to the extent that it goes to questions of profile of someone who harasses.... I think it is likely to create a great deal of prejudice and to confuse the jury and issues that they actually have to decide in this case, and that involves a mixture of law and fact.

The trial judge responded,

I [have] expressed a concern that at some point I did not think that the questions to the witness had crossed the point yet, but at some point it might cross the line into character evidence prohibitions, at which time if you believe that it does you will need to reurge your—any objection.

Some time later, Dr. Gilbert testified about the "profile" of a sexual harasser, but Syndex did not make any further objection.

In order to preserve a complaint for appellate review, a party must present to the trial court a timely request, objection or motion, state the specific grounds therefor, and obtain a ruling. Tex.R.App.P. 52(a). Therefore, Syndex's points of error relating to this testimony were not before the appellate court for review, and the court of appeals erred in holding that the testimony was inadmissible. *See Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372 (Tex.1988).

■ The court of appeals did not consider several of Syndex's points of error. These points include arguments which, if sustained, would require a modification of the trial court's judgment or a remand for new trial. Therefore, we remand the cause to the court of appeals for consideration of these points of error. *See McKelvy v. Barber*, 381 S.W.2d 59, 64 (Tex.1964).

The applications for writ of error brought by Bill Bushell and Syndex Corporation are denied.

Pursuant to Tex.R.App.P. 170, a majority of the court, without hearing oral argument, reverses the judgment of the court of appeals and remands the cause to that court for further consideration in accordance with this opinion.