11th Court of Appeals
Eastland, Texas
Opinion
 
Betty Templeton
            Appellant
Vs.                  No. 11-01-00278-CV – Appeal from Dallas County
Tenet Healthsystem Hospitals Dallas
d/b/a RHD Memorial Medical Center
            Appellee
 
            Betty Templeton filed this medical malpractice case against Tenet Healthsystem Hospitals
Dallas d/b/a RHD Memorial Medical Center (RHD Memorial) for the death of her husband, Whitey
W. Templeton. The trial court granted RHD Memorial’s motion to dismiss the case with prejudice
because the expert report provided by Templeton failed to satisfy the requirements of the Texas
Medical Liability and Insurance Improvement Act, TEX. REV. CIV. STAT. ANN. art. 4590i, §
13.01(Vernon Supp. 2002). We affirm.
            According to Templeton, her husband collapsed as he attempted to use the restroom in the
intensive care unit of RHD Memorial while recuperating from quadruple bypass heart surgery. 
Templeton alleged that her husband was not provided immediate medical attention but was left
unattended by the nurses for an undetermined amount of time. Templeton claimed that RHD
Memorial’s failure to monitor her husband and provide him with immediate medical attention caused
his death. Templeton filed the report of Pamela G. Willingham, R.N., as her expert report.
            A medical malpractice plaintiff must provide each defendant physician and health care
provider with an expert report and the expert’s curriculum vitae within 180 days of filing suit, or the
plaintiff must voluntarily nonsuit the action. Article 4590i, section 13.01(d); Bowie Memorial
Hospital v. Wright, 45 Tex. Sup. Ct. J. 833, 834 (June 13, 2002); American Transitional Care
Centers of Texas, Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex.2001). The Palacios court pointed out
that if the plaintiff timely files a report: 
[T]he defendant may move to challenge the adequacy of the report, and the trial court
must grant the motion if “it appears to the court...that the report does not represent
a good faith effort to comply with the definition of an expert report.” Id. § 13.01(l)
(Emphasis added)

American Transitional Care Centers of Texas, Inc. v. Palacios, supra at 877.

Article 4590i, section 13.01(r)(6) defines an “expert report” as a:
[W]ritten report by an expert that provides a fair summary of the expert’s opinions
as of the date of the report regarding applicable standards of care, the manner in
which the care rendered by the physician or health care provider failed to meet the
standards, and the causal relationship between that failure and the injury, harm, or
damages claimed.

            To determine whether a report represents “a good faith effort” to comply with the definition
of an expert report when a defendant challenges the report under Article 4590i, section 13.01(l), the
trial court looks only to the report itself “because all the information relevant to the inquiry is
contained within the document’s four corners.” Bowie Memorial Hospital v. Wright, supra at 835. 
If a trial court determines that a report does not meet the statutory requirements and the time for
filing a report has passed, the court must then dismiss with prejudice the claims against the defendant
who challenged the report and moved for dismissal under Article 4590i, section 13.01(e). Abuse of
discretion is the standard of review on appeal. American Transitional Care Centers of Texas, Inc.
v. Palacios, supra at 877.
            In her first and third issues, Templeton argues that the trial court erred in dismissing her suit
because her expert report complied with Article 4590i, section 13.01. Willingham’s report stated
that RHD Memorial, acting through its nursing staff, fell below the standard of care by:
(1) Failing to accurately assess and evaluate Mr. Templeton’s status and institute
nursing interventions that were required to stabilize his condition and prevent
complications.
 
(2) Failing to accurately report Mr. Templeton’s status including signs, symptoms,
or responses to nursing interventions.
 
(3) Failing to implement measures to promote a safe environment for Mr. Templeton.

            Discussing the requirements for an expert report in Article 4590i, section 13.01(r)(6), the
Palacios court stated that, to constitute a good-faith effort, the report must provide enough
information to fulfill two purposes. First, the report must inform the defendant of the specific
conduct the plaintiff has called into question. Second, and equally important, the report must
provide a basis for the trial court to conclude that the claims have merit. American Transitional Care
Centers of Texas, Inc. v. Palacios, supra at 879. Willingham’s report does not state what nursing
interventions were required or what signs, symptoms, or responses that the RHD Memorial nursing
staff should have reported. From the report, RHD Memorial could not tell what specific conduct was
questioned. Further, the report did not provide a basis for the trial court to conclude that
Templeton’s claim has merit. 
            In addition to failing to state the specific conduct of the RHD Memorial nursing staff that
breached the standard of care, which also was unstated, the report fails to provide sufficient
information on causation. The report simply states:
It is my nursing opinion that the identified negligence of RHD Memorial
Medical Center was a proximate cause of injury and death to Mr. Whitey Templeton.

The report does not explain the causal relationship between any act or omission by the RHD
Memorial nursing staff and the death of Templeton’s husband. Templeton’s first and third issues
are overruled. 
            Templeton’s second issue argues that the trial court erred in granting RHD Memorial’s
motion to dismiss if it did so on the ground that her expert was not qualified to give the expert report. 
Because we have concluded that the report did not constitute an expert report as defined in Article
4590i, section 13.01(r)(6), we need not address Templeton’s second issue.
            In her final issue, Templeton argues that the trial court erred in dismissing her suit because
the parties had agreed to designate experts by a date that was later than the date when RHD
Memorial filed its motion challenging Templeton’s expert report and the date when the trial court
dismissed her suit. This argument is based on the premise that RHD Memorial’s agreement to the
trial court’s scheduling order precluded it from challenging Templeton’s expert report and moving
to dismiss her suit under Article 4590i, section 13.01(e) without giving Templeton an opportunity
to correct the report by the scheduled date for the designation of experts. Templeton presents this
complaint for the first time on appeal. To preserve this complaint for appellate review, Templeton
had to present a timely request, objection, or motion to the trial court in which specific grounds were
stated; and she also had to obtain an adverse ruling on her request, objection or motion. 
TEX.R.APP.P. 33.1. Templeton failed to do so. She cannot raise the issue on appeal for the first
time. See Bushell v. Dean, 803 S.W.2d 711, 712 (Tex.1991). Templeton’s final issue is overruled.
This Court’s Ruling
            The trial court’s judgment is affirmed.
 
                                                                                    TERRY McCALL
                                                                                    JUSTICE
July 25, 2002
Do not publish. See TEX.R.APP.P. 47.3(b).
Panel consists of: Arnot, C.J., and 
McCall, J., and McCloud, S.J.