COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-295-CV

 
IN 
THE MATTER OF K.S.
 
------------
 
FROM 
THE PROBATE COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. INTRODUCTION
        K.S. 
appeals the trial court’s judgment temporarily committing him to a state 
hospital to receive mental health services. In a single point, K.S. challenges 
the legal and factual sufficiency of the evidence to support the trial court’s 
findings that he is mentally ill and needs inpatient treatment. We will affirm.
II. LAW AND APPLICATION TO FACTS
        A 
trial court may order a person to receive temporary inpatient mental health 
services if the court finds, from clear and convincing evidence, that the person 
is mentally ill and, as a result of that mental illness, is likely to cause 
serious harm to others. Tex. Health & Safety Code Ann. § 574.034(a)(1), (2)(B) (Vernon 
2003). Clear and convincing evidence is “that measure or degree of proof which 
will produce in the mind of the trier of fact a firm belief or conviction as to 
the truth of the allegations sought to be established.” State v. Addington, 
588 S.W.2d 569, 570 (Tex. 1979). To establish clear and convincing evidence 
supporting court-ordered mental health services, the State must produce expert 
testimony and, unless waived, evidence of a recent overt act or a continuing 
pattern of behavior that tends to confirm either (1) the likelihood of serious 
harm to the proposed patient or others or (2) the proposed patient's distress 
and the deterioration of ability to function. Tex. Health & Safety Code Ann. § 574.034(d).
        At 
the commitment hearing, James Shupe, M.D. testified that K.S. suffered from 
schizoaffective disorder and was likely to cause serious harm to himself and 
others. Dr. Shupe based this diagnosis on his review of paperwork from North 
Texas State Hospital, an interview with K.S. the day of the hearing, 
examinations of K.S. on five to ten prior occasions, and a discussion with 
K.S.’s sister regarding K.S.’s behavior. Dr. Shupe further testified that 
K.S.’s sister told him she suspected that K.S. had either started drinking or 
been offered alcohol and had stopped taking his medications. K.S.’s sister 
also told Dr. Shupe that K.S., who did not have a driver’s license, took his 
brother’s car without permission; that K.S. nearly ran over both her and her 
daughter with the car; and that police were called to the scene to restrain him.[2]
        While 
examining K.S., Dr. Shupe observed that K.S.’s speech was fast and that K.S. 
seemed very angry with his sister and family because they were involved in 
returning him to the hospital. Dr. Shupe testified that K.S.’s rapid speech 
was a symptom that presented itself when K.S. was “not doing well” and that 
in his opinion, K.S. would be a danger to himself and others if released that 
day. Dr. Shupe therefore recommended that K.S. remain in a hospital inpatient 
setting until becoming stable on his prescribed drug treatment regimen.
        K.S. 
also testified at the commitment hearing, denying that he had driven the car 
without his brother’s permission and denying that he attempted to run over his 
sister and her daughter. Although K.S. stated that he could comply with his new 
medication regimen without inpatient treatment, he also testified that he did 
not believe he needed medical monitoring while beginning this new regimen and 
that the medication “is all poison.”
        Applying 
the appropriate standards of review,[3] we hold that 
the evidence in this case is legally and factually sufficient to support the 
trial court’s findings. We overrule K.S.’s single point on appeal.
III. CONCLUSION
        Having 
overruled K.S.’s single point, we affirm the trial court’s judgment.


 
                                                          BOB 
MCCOY
                                                          JUSTICE

 
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.
 
DELIVERED: 
February 12, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
K.S.’s complaint that the trial court should not have considered this evidence 
because it is hearsay is waived, as this objection was not raised in the trial 
court. See Tex. R. App. P. 33.1(a); Bushell v. Dean, 
803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g); see also Tex. R. Evid. 802 (“Inadmissible hearsay 
admitted without objection shall not be denied probative value merely because it 
is hearsay.”).
3.  
Evidence is legally sufficient if, when viewed in the light most favorable to 
the finding, it is such that a fact finder could “reasonably form a firm 
belief or conviction” that the allegations in the petition were proven. In 
re J.F.C., 96 S.W.3d 256, 265-66 (Tex. 2002). Evidence is factually 
sufficient if the fact finder could form this same firm belief or conviction 
based on the entire record. In re C.H., 89 S.W.3d 17, 28 (Tex. 2002).