LEO WENTZ and BRAC WARDLAW v. TRAVIS AUSTIN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-026-CV

LEO WENTZ AND BRAC WARDLAW APPELLANTS

V.

TRAVIS AUSTIN APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants Leo Wentz and Brac Wardlaw appeal the trial court’s judgment  granting Appellee Travis Austin $41,905.90 in damages for breach of fiduciary duty.  In three points, Appellants complain that the jury findings support a judgment in their favor, the jury findings fatally conflict, and the judgment improperly awards Appellee post-judgment interest at the rate of eighteen percent.  We affirm. 

BACKGROUND

Appellee performed work building and selling residential homes under an oral contract with Candlewick Homes, Incorporated (Candlewick).  Initially, Appellee sued only Candlewick, alleging breach of contract.  Later, Appellee amended his petition to allege a claim against Appellants for breach of fiduciary duty under Chapter 162 of the Texas Property Code. 

The jury returned a verdict, finding in questions one and two, respectively, that Candlewick failed to comply with its agreement with Appellee, but that Appellee had suffered zero damages as a result.  Questions three through seven related to Appellee’s cause of action against Appellants for breach of fiduciary duty under Chapter 162.  In question three, the jury found that Appellee had furnished labor to Candlewick under an oral or written construction contract.  In questions four and six,
(footnote: 2) the jury found that Appellants were trustees who had misapplied construction loan trust funds, and based on these findings, the jury answered in question seven that $41,905.90 was the sum of money that was the current or past due-obligations Candlewick owed Appellee.

Based upon these jury findings, the trial court rendered judgment that Appellants are liable, jointly and severally, for the sum of $41,905.90, and rendered a take-nothing judgment against Candlewick.  The trial court also ordered that the total amount of the judgment rendered would bear interest at the rate of eighteen percent.  Appellants timely filed a motion for new trial, which the trial court denied, and this appeal followed.

DISCUSSION

1. Jury Findings

In their first and second points, Appellants contend that the zero damages finding in question two on Appellee’s breach of contract claim against Candlewick requires a take nothing judgment in Appellants’ favor, despite the jury’s finding in question seven that money is owed to Appellee due to Appellants’ misappropriation of trust funds.  Appellants assert that these findings both relate to Appellee’s breach of contract claim, that the zero damages finding should receive greater weight than the money damages finding, and that, alternatively, the damage findings fatally conflict.  Appellee contends that Appellants have failed to preserve error. 

This complaint is not preserved for our review because Appellants first raised the issue of conflicting jury findings on appeal.  Texas Rule of Appellate Procedure 33.1 requires a party to present to the trial court a timely request, objection, or motion to preserve error for appellate review, in order for the trial court to prevent or correct the error.  
See 
Tex. R. App. P.
 33.1(a).  
If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g). 

This court has recently affirmed our holding that a complaint of conflicting jury findings is not preserved for appellate review when the appellant did not raise any contention concerning conflicting jury findings before the jury was discharged.  
See Kitchen v. Frusher, 
No. 02-04-00205-CV, 2005 WL 3008420, at *3 (Tex. App.—Fort Worth Nov. 10, 2005, no pet. h.).  The modern view of error preservation requires that parties object to the conflicting jury findings before the jury is dismissed.  
Springs Window Fashions Division, Inc. v. The Blind Maker
, No. 03-03-00376-CV, 2005 WL 1787440, at *17 (Tex. App.—Austin July 29, 2005, no pet. h.)
; see also Norwest Mortgage, Inc. v. Salinas
, 999 S.W.2d 846, 865 (Tex. App.—Corpus Christi 1999, pet. denied); 
Isern v. Watson
, 942 S.W.2d 186, 191 (Tex. App.—Beaumont 1997, writ denied);
 Ciba-Geigy Corp. v. Stephens
, 871 S.W.2d 317, 324 (Tex. App.—Eastland 1994, writ denied) (op. on reh’g).  We hold that a complaint of conflicting jury findings was not preserved for our review because Appellants did not raise any contention concerning conflicting jury findings before the jury was discharged. 
 Accordingly, we overrule Appellants’ first and second points. 

2. Post-Judgment Interest

In their third point, Appellants contend that the trial court improperly awarded Appellee post-judgment interest at the rate of eighteen percent per annum in accordance with section 28.004 of the Texas Property Code.  Appellants argue that the trial court’s awarding of post-judgment interest at eighteen percent is improper because Appellee failed to plead for post-judgment interest under section 28.004, there is no evidence to support the requirements of an action under chapter 28 of the Texas Property Code, and that section 28.004 does not apply to post-judgment interest.

Like their complaints under points one and two, Appellants have also failed to preserve this complaint for our review.  In order to complain on appeal concerning post-judgment interest, the complaint must be raised in the trial court to provide the trial court an opportunity to grant the relief requested and correct any error.  
See Pipgras v. Hart
,  832 S.W.2d 360, 368 (Tex. App.—Fort Worth 1992, writ denied)
; Larrumbide v. Doctors Health Facilities
, 734 S.W.2d 685, 693 (Tex. App.—Dallas 1987, writ denied).  Appellants failed to complain to the trial court of the alleged error regarding the amount of the award of post-judgment interest; therefore, we overrule Appellants’ third point.

CONCLUSION

Having overruled Appellants’ three points, we affirm the trial court’s judgment. 

DIXON W. HOLMAN

JUSTICE

PANEL F:  HOLMAN, WALKER, and McCOY, JJ.

DELIVERED:  December 8, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
In question five, the jury found that defendant Michelle Wentz was not a trustee who misapplied trust funds; therefore, question five is irrelevant for purposes of this appeal.