COURT 
OF APPEALS
                                       
SECOND DISTRICT OF TEXAS
                                                   
FORT WORTH
 
 
                                        
NO. 2-05-026-CV
 
 
LEO 
WENTZ AND BRAC WARDLAW                                     
APPELLANTS
 
                                                   
V.
 
TRAVIS 
AUSTIN                                                                    
APPELLEE
 
                                              
------------
 
         
FROM COUNTY COURT AT LAW NO. 3 OF TARRANT 
COUNTY
 
                                              
------------
 
                                
MEMORANDUM 
OPINION[1]
 
                                              
------------

Appellants 
Leo Wentz and Brac Wardlaw appeal the trial court=s 
judgment  granting Appellee Travis 
Austin $41,905.90 in damages for breach of fiduciary duty.  In three points, Appellants complain 
that the jury findings support a judgment in their favor, the jury findings 
fatally conflict, and the judgment improperly awards Appellee post-judgment 
interest at the rate of eighteen percent.  
We affirm. 
BACKGROUND
Appellee 
performed work building and selling residential homes under an oral contract 
with Candlewick Homes, Incorporated (Candlewick).  Initially, Appellee sued only 
Candlewick, alleging breach of contract.  
Later, Appellee amended his petition to allege a claim against Appellants 
for breach of fiduciary duty under Chapter 162 of the Texas Property Code. 


The 
jury returned a verdict, finding in questions one and two, respectively, that 
Candlewick failed to comply with its agreement with Appellee, but that Appellee 
had suffered zero damages as a result.  
Questions three through seven related to Appellee=s 
cause of action against Appellants for breach of fiduciary duty under Chapter 
162.  In question three, the jury 
found that Appellee had furnished labor to Candlewick under an oral or written 
construction contract.  In questions 
four and six,[2] 
the jury found that Appellants were trustees who had misapplied construction 
loan trust funds, and based on these findings, the jury answered in question 
seven that $41,905.90 was the sum of money that was the current or past 
due-obligations Candlewick owed Appellee.
Based 
upon these jury findings, the trial court rendered judgment that Appellants are 
liable, jointly and severally, for the sum of $41,905.90, and rendered a 
take-nothing judgment against Candlewick.  
The trial court also ordered that the total amount of the judgment 
rendered would bear interest at the rate of eighteen percent.  Appellants timely filed a motion for new 
trial, which the trial court denied, and this appeal 
followed.
DISCUSSION
1. 
Jury Findings
In 
their first and second points, Appellants contend that the zero damages finding 
in question two on Appellee=s 
breach of contract claim against Candlewick requires a take nothing judgment in 
Appellants= 
favor, despite the jury=s 
finding in question seven that money is owed to Appellee due to 
Appellants= 
misappropriation of trust funds.  
Appellants assert that these findings both relate to Appellee=s 
breach of contract claim, that the zero damages finding should receive greater 
weight than the money damages finding, and that, alternatively, the damage 
findings fatally conflict.  Appellee 
contends that Appellants have failed to preserve error. 


This 
complaint is not preserved for our review because Appellants first raised the 
issue of conflicting jury findings on appeal.  Texas Rule of Appellate Procedure 33.1 
requires a party to present to the trial court a timely request, objection, or 
motion to preserve error for appellate review, in order for the trial court to 
prevent or correct the error.  
See Tex. R. App. P. 
33.1(a).  If a party fails 
to do this, error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 
712 (Tex. 1991) (op. on reh=g). 

This 
court has recently affirmed our holding that a complaint of conflicting jury 
findings is not preserved for appellate review when the appellant did not raise 
any contention concerning conflicting jury findings before the jury was 
discharged.  See Kitchen v. 
Frusher, No. 02-04-00205-CV, 2005 WL 3008420, at *3 (Tex. App.CFort 
Worth Nov. 10, 2005, no pet. h.).  
The modern view of error preservation requires that parties object to the 
conflicting jury findings before the jury is dismissed.  Springs Window Fashions Division, 
Inc. v. The Blind Maker, No. 03-03-00376-CV, 2005 WL 1787440, at *17 (Tex. 
App.CAustin 
July 29, 2005, no pet. h.); see also Norwest Mortgage, Inc. v. Salinas, 
999 S.W.2d 846, 865 (Tex. App.CCorpus 
Christi 1999, pet. denied); Isern v. Watson, 942 S.W.2d 186, 191 (Tex. 
App.CBeaumont 
1997, writ denied); Ciba-Geigy Corp. v. Stephens, 871 S.W.2d 317, 324 
(Tex. App.CEastland 
1994, writ denied) (op. on reh=g).  We hold that a complaint of conflicting 
jury findings was not preserved for our review because Appellants did not raise 
any contention concerning conflicting jury findings before the jury was 
discharged.  Accordingly, we 
overrule Appellants= 
first and second points. 
2. 
Post-Judgment Interest
In 
their third point, Appellants contend that the trial court improperly awarded 
Appellee post-judgment interest at the rate of eighteen percent per annum in 
accordance with section 28.004 of the Texas Property Code.  Appellants argue that the trial 
court=s 
awarding of post-judgment interest at eighteen percent is improper because 
Appellee failed to plead for post-judgment interest under section 28.004, there 
is no evidence to support the requirements of an action under chapter 28 of the 
Texas Property Code, and that section 28.004 does not apply to post-judgment 
interest.

Like 
their complaints under points one and two, Appellants have also failed to 
preserve this complaint for our review.  
In order to complain on appeal concerning post-judgment interest, the 
complaint must be raised in the trial court to provide the trial court an 
opportunity to grant the relief requested and correct any error.  See Pipgras v. Hart,  832 S.W.2d 360, 368 (Tex. 
App.CFort 
Worth 1992, writ denied); Larrumbide v. Doctors Health Facilities, 734 
S.W.2d 685, 693 (Tex. App.CDallas 
1987, writ denied).  Appellants 
failed to complain to the trial court of the alleged error regarding the amount 
of the award of post-judgment interest; therefore, we overrule 
Appellants= 
third point.
CONCLUSION
Having 
overruled Appellants= 
three points, we affirm the trial court=s 
judgment. 
 
DIXON 
W. HOLMAN
JUSTICE
 
PANEL 
F:  HOLMAN, WALKER, and McCOY, 
JJ.
 
DELIVERED:  December 8, 
2005




[1]See 
Tex. 
R. App. P. 
47.4.

[2]In 
question five, the jury found that defendant Michelle Wentz was not a trustee 
who misapplied trust funds; therefore, question five is irrelevant for purposes 
of this appeal.