

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-305-CV

DERRICK JIMMERSON                                              APPELLANT

V.

HOMECOMINGS FINANCIAL LLC                                      APPELLEE
F/K/A HOMECOMINGS FINANCIAL
NETWORK INC.

------------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Derrick Jimmerson appeals the judgment awarding possession

of 2624 King Arthur Boulevard, Lewisville, Texas 75056 (the Property), to

Appellee Homecomings Financial, LLC.  In two points, Jimmerson asserts, as

---

[1] *See* TEX. R. APP. P. 47.4.

best we can determine,[2] that the trial court abused its discretion by awarding possession of the Property to Homecomings because (1) he was not given proper notice in compliance with the Texas Property Code, and (2) Homecomings failed to properly describe the Property in its complaint. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 2005, Jimmerson signed a promissory note, secured by a deed of trust, for the Property in the amount of $446,549 to Fremont Investment & Loan. Jimmerson testified that he filed for bankruptcy and had lined up a buyer, but the Property was ultimately sold at a foreclosure sale to Homecomings on June 5, 2007.

On June 8, 2007, Homecomings, after discovering that the Property was occupied, sent Jimmerson a notice to vacate the Property; this notice was sent by certified mail, return receipt requested and by first-class mail to Jimmerson and all other Occupants. The notice gave Jimmerson three days to vacate the Property. Jimmerson did not vacate the Property within that time frame, and Homecomings brought a forcible entry and detainer action in the JP court in

---

[2] Jimmerson appears pro se, as he did in the county court at law. The only document filed on Jimmerson's behalf by an attorney appears to be the motion to set the amount of bond.

2

Denton County. The JP court signed a default judgment in favor of Homecomings, and Jimmerson appealed the default judgment to the county court at law in Denton County.

Jimmerson appeared at the forcible entry and detainer hearing held in the county court at law and stated that he had no objections to the documents admitted into evidence by Homecomings. Jimmerson testified briefly, mentioning that he had an alternative arrangement with a mortgage company that should have allowed him to circumvent the foreclosure process. Jimmerson, however, did not offer any evidence that supported his contention. The county court at law signed a judgment awarding the Property to Homecomings. This appeal followed.

### III. FORECLOSURE WAS PROPER

In two points, Jimmerson contends that he was not given proper notice to vacate the Property and that Homecomings did not adequately describe the Property in the complaint. Jimmerson also argues that he did not waive his right to complain of the Property description by failing to object at trial. Homecomings responds that it did give proper notice and did adequately describe the Property pursuant to the Texas Property Code. Homecomings, however, argues that this court need not address either issue because Jimmerson failed to raise these arguments at trial.

3

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). The objecting party must get a ruling from the trial court. TEX. R. APP. P. 33.1(a)(2). This ruling can be either express or implied. TEX. R. APP. P. 33.1(a)(2)(A). If the trial judge refuses to rule, an objection to the refusal to rule is sufficient to preserve error. TEX. R. APP. P. 33.1(a)(2)(B)*.*

During the proceedings in the county court at law, Homecomings offered into evidence five documents, including the deed of trust, the assignment of the deed of trust, and the notice to vacate with the completed delivery portion of the return receipt from the certified mail card.[3] The county court at law also had before it on file Homecomings's "First Amended Original Petition for Forcible Detainer." The front page of the amended petition described the Property as follows:

---

[3] The top of the notice to vacate stated in all caps, "CERTIFIED MAIL, RETURN RECEIPT REQUESTED" and "FIRST CLASS REGULAR MAIL."

4

BEING LOT 12, IN BLOCK A OF CASTLE HILLS, PHASE II - SECTION D, AN ADDITION TO THE EXTRA-TERRITORIAL JURISDICTION OF THE CITY OF LEWISVILLE, DENTON COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET R, SLIDE 360, PLAT RECORDS, DENTON COUNTY, TEXAS.

This description matched the description in the deed. When the county court at law judge asked Jimmerson whether he had any objections to the exhibits offered by Homecomings, Jimmerson stated that he did not have any objections.

Jimmerson admits that he failed to object to the Property description at trial but argues that he nonetheless did not waive his right to complain. He attempts to use *Granberry v. Storey*, 61 Tex. Civ. App. 9, 127 S.W. 1122 (Tex. Civ. App. 1910, no writ), to support his proposition that "[a]n objection that the property sought to be recovered in forcible entry and detainer was insufficiently described in the complaint can be first made on appeal." The *Granberry* court, however, did not allow a complaint about the sufficiency of a property description. Instead, the *Granberry* court stated,

> The objection to the judgment, made for the first time in the motion now being considered, that the description in appellee's complaint of the premises in controversy was insufficient, if meritorious, which we do not concede it to be, comes too late. It should have been made, in the first instance, by an exception to complaint urged in the trial court, where, had it been found to be well taken, the complaint could have been amended.

5

61 Tex. Civ. App. at 14, 127 S.W. at 1125.  Accordingly, we hold that Jimmerson waived his complaints by failing to object in the county court at law to the notice[4] and the description of the Property.  *See id.*  We therefore overrule his two points.

## IV. CONCLUSION

Having overruled Jimmerson's two points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL F:  DAUPHINOT, HOLMAN, and WALKER, JJ.

DELIVERED: July 3, 2008

---

[4] Jimmerson's notice argument is difficult to follow because it states, in contravention of the evidence presented, that Homecomings "did not give [him] written notice pursuant to section 24.001 et [s]eq. o[f] the Texas Property Code, by certified mail, return receipt requested, and U.S. First class mail, postage prepaid, to vacate [the] property within (3) days after the delivery of the notice."  Our best interpretation of Jimmerson's argument is that the JP court abused its discretion by entering a default judgment against Jimmerson on July 12, 2007, prior to Jimmerson's signing the certified mail receipt on July 23, 2007.  However, because the record reveals that Homecomings also mailed the notice to vacate by first-class mail on June 8, 2007, and because there is no evidence that Jimmerson did not receive the notice to vacate by first-class mail prior to his retrieval of the certified mail, Jimmerson failed to object or present controverting evidence that Homecomings failed to comply with the Texas Property Code in giving notice.  *See* TEX. PROP. CODE ANN. § 24.005(b), (f) (Vernon 2000) (mandating that a written notice to vacate be sent, "at least three days" before a forcible entry and detainer suit is filed, to a tenant by regular mail, registered mail, *or* by certified mail, return receipt requested).

6