COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-305-CV

 

 

DERRICK JIMMERSON                                                          APPELLANT

 

                                                   V.

 

HOMECOMINGS FINANCIAL LLC                                               APPELLEE

F/K/A
HOMECOMINGS FINANCIAL

NETWORK
INC.

                                              ------------

 

          FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Derrick Jimmerson
appeals the judgment awarding possession of 2624 King Arthur Boulevard,
Lewisville, Texas 75056 (the Property), to Appellee Homecomings Financial,
LLC.  In two points, Jimmerson asserts, as
best we can determine,[2]
that the trial court abused its discretion by awarding possession of the
Property to Homecomings because (1) he was not given proper notice in
compliance with the Texas Property Code, and (2) Homecomings failed to properly
describe the Property in its complaint. 
We will affirm.

II.  Factual and Procedural Background

On September 15, 2005,
Jimmerson signed a promissory note, secured by a deed of trust, for the
Property in the amount of $446,549 to Fremont Investment & Loan.  Jimmerson testified that he filed for
bankruptcy and had lined up a buyer, but the Property was ultimately sold at a
foreclosure sale to Homecomings on June 5, 2007.  








On June 8, 2007, Homecomings,
after discovering that the Property was occupied, sent Jimmerson a notice to
vacate the Property; this notice was sent by certified mail, return receipt
requested and by first-class mail to Jimmerson and all other Occupants.  The notice gave Jimmerson three days to
vacate the Property.  Jimmerson did not
vacate the Property within that time frame, and Homecomings brought a forcible
entry and detainer action in the JP court in Denton County.  The JP court signed a default judgment in
favor of Homecomings, and Jimmerson appealed the default judgment to the county
court at law in Denton County.  

Jimmerson appeared at the
forcible entry and detainer hearing held in the county court at law and stated
that he had no objections to the documents admitted into evidence by
Homecomings.  Jimmerson testified
briefly, mentioning that he had an alternative arrangement with a mortgage
company that should have allowed him to circumvent the foreclosure
process.  Jimmerson, however, did not
offer any evidence that supported his contention.  The county court at law signed a judgment
awarding the Property to Homecomings. 
This appeal followed. 

III.  Foreclosure Was Proper

In two points, Jimmerson
contends that he was not given proper notice to vacate the Property and that
Homecomings did not adequately describe the Property in the complaint.  Jimmerson also argues that he did not waive
his right to complain of the Property description by failing to object at
trial.  Homecomings responds that it did
give proper notice and did adequately describe the Property pursuant to the
Texas Property Code.  Homecomings,
however, argues that this court need not address either issue because Jimmerson
failed to raise these arguments at trial. 








To preserve a complaint for
our review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling,
if they are not apparent from the context of the request, objection, or
motion.  Tex. R. App. P. 33.1(a); see also Tex. R. Evid. 103(a)(1).  If a party fails to do this, error is not
preserved, and the complaint is waived.  Bushell
v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh=g).  The objecting party must
get a ruling from the trial court. Tex.
R. App. P. 33.1(a)(2).  This
ruling can be either express or implied. 
Tex. R. App. P.
33.1(a)(2)(A).  If the trial judge refuses
to rule, an objection to the refusal to rule is sufficient to preserve
error.  Tex.
R. App. P. 33.1(a)(2)(B).

During the proceedings in the
county court at law, Homecomings offered into evidence five documents,
including the deed of trust, the assignment of the deed of trust, and the
notice to vacate with the completed delivery portion of the return receipt from
the certified mail card.[3]  The county court at law also had before it on
file Homecomings=s AFirst Amended Original Petition for Forcible Detainer.@  The front page of the amended
petition described the Property as follows:








BEING LOT 12, IN BLOCK A OF
CASTLE HILLS, PHASE II - SECTION D, AN ADDITION TO THE EXTRA-TERRITORIAL
JURISDICTION OF THE CITY OF LEWISVILLE, DENTON COUNTY, TEXAS, ACCORDING TO THE
PLAT THEREOF RECORDED IN CABINET R, SLIDE 360, PLAT RECORDS, DENTON COUNTY,
TEXAS. 

This description matched the description in the
deed.  When the county court at law judge
asked Jimmerson whether he had any objections to the exhibits offered by
Homecomings, Jimmerson stated that he did not have any objections.  

Jimmerson admits that he
failed to object to the Property description at trial but argues that he
nonetheless did not waive his right to complain.  He attempts to use Granberry v. Storey,
61 Tex. Civ. App. 9, 127 S.W. 1122 (Tex. Civ. App. 1910, no writ), to support
his proposition that A[a]n
objection that the property sought to be recovered in forcible entry and
detainer was insufficiently described in the complaint can be first made on
appeal.@  The Granberry court,
however, did not allow a complaint about the sufficiency of a property
description.  Instead, the Granberry
court stated,

The objection to the judgment,
made for the first time in the motion now being considered, that the
description in appellee=s complaint
of the premises in controversy was insufficient, if meritorious, which we do
not concede it to be, comes too late.  It
should have been made, in the first instance, by an exception to complaint
urged in the trial court, where, had it been found to be well taken, the
complaint could have been amended.








61 Tex. Civ. App. at 14, 127 S.W. at 1125.  Accordingly, we hold that Jimmerson waived
his complaints by failing to object in the county court at law to the notice[4]
and the description of the Property.  See
id.  We therefore overrule his two
points.

IV.  Conclusion

Having overruled Jimmerson=s two points, we affirm the trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL F:    DAUPHINOT, HOLMAN, and WALKER, JJ.

 

DELIVERED:
July 3, 2008











[1]See Tex. R. App. P. 47.4.





[2]Jimmerson appears pro se, as he did
in the county court at law.  The only
document filed on Jimmerson=s behalf by an attorney appears to be the motion to set the
amount of bond. 





[3]The top of the notice to vacate
stated in all caps, ACERTIFIED MAIL, RETURN RECEIPT
REQUESTED@ and AFIRST CLASS REGULAR MAIL.@





[4]Jimmerson=s notice argument is difficult to
follow because it states, in contravention of the evidence presented, that
Homecomings Adid not give [him] written notice
pursuant to section 24.001 et [s]eq. o[f] the Texas Property Code, by certified
mail, return receipt requested, and U.S. First class mail, postage prepaid, to
vacate [the] property within (3) days after the delivery of the notice.@ 
Our best interpretation of Jimmerson=s argument is that the JP court abused its discretion by
entering a default judgment against Jimmerson on July 12, 2007, prior to
Jimmerson=s signing the certified mail
receipt on July 23, 2007.  However,
because the record reveals that Homecomings also mailed the notice to vacate by
first-class mail on June 8, 2007, and because there is no evidence that
Jimmerson did not receive the notice to vacate by first-class mail prior to his
retrieval of the certified mail, Jimmerson failed to object or present
controverting evidence that Homecomings failed to comply with the Texas
Property Code in giving notice.  See
Tex. Prop. Code Ann. ' 24.005(b), (f) (Vernon 2000)
(mandating that a written notice to vacate be sent, Aat
least three days@
before a forcible entry and detainer suit is filed, to a tenant by regular
mail, registered mail, or by certified mail, return receipt requested).