ACCEPTED
06-14-00062-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/1/2015 6:53:54 PM
DEBBIE AUTREY
CLERK

**NO. 06-14-00062-CV**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/4/2015 4:15:00 PM
DEBBIE AUTREY
Clerk

IN THE

SIXTH COURT OF APPEALS

AT TEXARKANA, TEXAS

**KRYSTA LYNNE GARDNER, INDEPENDENT EXECUTRIX OF THE ESTATE OF**

**LARRY RAY TINER**

**V.**

**PENNY HEDDIN TINER**

APPEAL FROM THE

402ND DISTRICT COURT OF WOOD COUNTY, TEXAS

**APPELLEE'S BRIEF**

Wm. Brandon Baade

522 N. Broadway
Tyler, Texas 75702
brandonbaadelaw@gmail.com
903-526-5867

Attorney for Appellant
Penny Heddin Tiner

Oral Argument Requested

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38(a), the following is a list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

**Appellant**

Krysta Lynne Gardner

**Appellant's appellate counsel**

Lawrence Beason
416 North Pacific Street
Mineola, Texas 75773
SBOT# 01991000

**Appellant's trial counsel**

Lawrence Beason
416 North Pacific Street
Mineola, Texas 75773
SBOT# 01991000

**Appellee**

Penny Heddin Tiner

**Appellee's appellate counsel**

Wm. Brandon Baade
SBOT# 00793189
522 N. Broadway
Tyler, Texas 75702
903-526-5867
888-965-9551 (fax)

**Appellee's trial counsel**

Wm. Brandon Baade
SBOT# 00793189
522 N. Broadway
Tyler, Texas 75702
903-526-5867
888-965-9551 (fax)

## TABLE OF CONTENTS

Identity of Parties and Counsel ............................................................................2

Table of Contents ...................................................................................................3

Index of Authorities ...............................................................................................4

Statement of the Case .............................................................................................6

Statement on Oral Argument .................................................................................6

Issues Presented .....................................................................................................6

Statement of Facts ..................................................................................................6

Summary of the Argument .....................................................................................7

Argument ................................................................................................................8

**Issue One:**     The trial court did not abuse its discretion in denying the declaratory judgment request of Appellant to order the Texas Employee Retirement System to change to the beneficiary of Larry Ray Tiner's optional service retirement annuity from Penny Heddin Tiner to Debbie Tiner.

Prayer ...................................................................................................................13

Certificate of Service ...........................................................................................13

Certificate of Compliance ....................................................................................14

## INDEX OF AUTHORITIES

**CASES**

*Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g)………………………………9

**RULES/STATUTES:**

Tex. R. App. P. 331 (a)……………………………………………………………………8

Tex. Fam. Code Ann. § 9.302 (West Supp. 2013)………………………………………………10

Tex. Gov. Code §802.001 ........................................................................................11

26 U.S. Code §414(d) ........................................................................................11, 12

NO. 06-14-00062-CV

IN THE

SIXTH COURT OF APPEALS

AT TEXARKANA, TEXAS

**KRYSTA LYNNE GARDNER, INDEPENDENT EXECUTRIX OF THE ESTATE OF**

**LARRY RAY TINER**

**V.**

**PENNY HEDDIN TINER**

APPEAL FROM THE

402ND DISTRICT COURT OF WOOD COUNTY, TEXAS

**APPELLEE'S BRIEF**

Wm. Brandon Baade

522 N. Broadway
Tyler, Texas 75702
brandonbaadelaw@gmail.com
903-526-5867

Attorney for Appellant
Penny Heddin Tiner

## STATEMENT OF THE CASE

*Nature of case:*      This is an appeal from an order denying a declaratory judgment to change the beneficiary under an Employee Retirement System of Texas employee optional employee service annuity.

*Judge/Court:*      Judge Timothy Boswell, 402nd District Court of Wood County. (C.R. pg. 1).

*Trial disposition:*      The trial court denied the declaratory judgment of Appellant. (C.R. pg. 50-51).

## STATEMENT ON ORAL ARGUMENT

Appellant is requesting oral argument because it might assist the Court in considering the factual and legal analysis of this case.

## ISSUES PRESENTED

**ISSUE ONE:** The trial court did not abuse its discretion in denying the declaratory judgment request of Appellant to order the Texas Employee Retirement System to change to the beneficiary of Larry Ray Tiner's optional service retirement annuity from Penny Heddin Tiner to Debbie Tiner.

## STATEMENT OF FACTS

Penny Heddin Tiner was married to Larry Ray Tiner until September 6, 2006. (CR, pp.23-29). During the marriage Larry Ray Tiner was employed by the Texas Department of Transportation and a participant in the Employee Retirement System of Texas (hereinafter ERS). Under the ERS Larry Ray Tiner had various employement benefits. Among those employment benefits was an optional service retirement annuity. In April of 2000, during his marriage to Penny Heddin Tiner, Larry Ray Tiner, consistent with ERS requirements, designated Penny

6

Heddin Tiner has his beneficiary under the optional service retirement annuity. Subsequent to this designation the marriage ended, and in the Final Decree of Divorce Larry Ray Tiner was awarded "any and all retirement funds in his name alone." (CR, p.28).

Larry Ray Tiner then married Debbie Hughes Tiner on May 9, 2012. Larry Ray Tiner changed the beneficiary of all of his ERS benefits except the beneficiary designation for the optional service retirement annuity. Indeed, four years elapsed from the date of divorce from Penny Heddin Tiner to the death of Larry Ray Tiner and he at no time took action of any kind to request a change or to change the beneficiary of the optional service retirement annuity.

The optional service retirement annuity offered by the ERS is a part of a public retirement system and is excepted from the provisions of Section 9.302 of the Texas Family Code. Therefore, Larry Ray Tiner's designation of Penny Heddin Tiner was effective at his death.

## SUMMARY OF THE ARGUMENT

**ISSUE ONE:** The trial court did not abuse its discretion in denying the declaratory judgment request of Appellant to order the Texas Employee Retirement System to change to the beneficiary of Larry Ray Tiner's optional service retirement annuity from Penny Heddin Tiner to Debbie Tiner.

The Employee's Retirement System of Texas is a "public retirement system" under Government Code Section 802.001 and that the designation by Larry Ray Tiner of Penny Heddin Tiner as the beneficiary of his optional service retirement annuity was effective, notwithstanding that the designation was made prior to their divorce.

**ARGUMENT**

**ISSUE ONE:** The trial court did not abuse its discretion in denying the declaratory judgment request of Appellant to order the Texas Employee Retirement System to change to the beneficiary of Larry Ray Tiner's optional service retirement annuity from Penny Heddin Tiner to Debbie Tiner.

Appellant states in the Summary of Argument section of her brief that the "[C]ourt has before it a single issue to be resolved." (Appellant Brief, p. 8) Appellant then frames that single issue as Penny Heddin Tiner, Appellee, being "unjustly enriched by receiving retirement benefits from ERS[1] that she had waived or relinquished." (Id.) However, if you review the issue presented in the context of the Appellant's Original Petition for Declaratory Judgment there is no claim of unjust enrichment before the Court. (CR., pp. 19-22). The Appellant's Original Petition for Declaratory Judgment only requested, in relevant part to this appeal, the court declare that "1. …Penny Heddin has relinquished any and all rights to Larry Tiner's optional service retirement annuity. 2. A declaration that Debbie Hughes Tiner, as surviving spouse and beneficiary under Larry Tiner's Will, is entitled to Larry's benefits as beneficiary under his optional service annuity with ERS; 3. A declaration that ERS is ordered and directed to change the beneficiary under his optional service retirement annuity with ERS." (CR., p. 21).

The record is devoid of any reference to an unjust enrichment claim and the claim was not tried by consent. Appellee objects to this issue being raised on appeal and contends the issue has framed in the Summary of Argument is not properly before the Court..

**Undisputed Facts**

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection or motion. Tex. R. App. P. 331

---

[1] "ERS" used throughout this brief refers to the Employment Retirement System of Texas.

(a). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). Appellee contends that Appellant waived any request for unjust enrichment. Interestingly, Appellant did not bring a motion for enforcement or clarification of a divorce decree regarding any issue. Appellant chose to bring a Declaratory Judgment action to ask the Court to declare the matters set forth above.

There are several undisputed facts in this case that lay the factual foundation that frames the issue. First, it is undisputed that Larry Ray Tiner participated in several retirement benefits programs through his employment with the Texas Department of Transportation and administered by the Employment Retirement System of Texas (ERS). Among these was an employee life insurance policy, a 401(K) and an optional service retirement annuity. (CR., p.31,ll. 5-25). It is undisputed that in Apirl of 2000, Penny Heddin Tiner was designated as the beneficiary of the optional service retirement annuity. (CR. Exh. 13).

Penny Heddin Tiner were married and that they were divorced on September 6, 2006. (CR., p. 23-29). It is undisputed that in the decree awarded Larry Ray Tiner "any and all retirement funds in his name alone." (CR., p. 24). It is undisputed that at the time of the divorce that Larry Ray Tiner was retired from the Texas Department of Transportation in 2002. (RR.,p. 25.ll. 20-25). Therefore, Larry Ray Tiner and Penny Heddin Tiner were married for approximately four years beyond Larry Ray Tiner's retirement and the vesting of all of his retirement benefits.

It is further undisputed that Larry Ray Tiner died testate on May 9, 2013. (RR. Exh. 14). Mr. Tiner's will is admitted into evidence and part of the Clerk's Record, pages 30-33. Penny Heddin Tiner was not designated as the beneficiary of the life insurance or the 401(k) of Larry Ray Tiner upon his death. (RR. Pp. 31, ll.1-25). Importantly, the evidence is clear that Penny

Heddin Tiner remained designated as the beneficiary under Larry Ray Tiner's optional employment service annuity from the time she was designated until the death of Larry Ray Tiner. Indeed, in the four years between the divorce of Larry Ray Tiner from Penny Heddin Tiner, there was never a request by Larry Ray Tiner of Penny Heddin Tiner or of the Court to order a change of the beneficiary of the optional employment service annuity; no such evidence exist. (RR p. 24, ll.10-24). Additionally, the evidence shows that ERS was provided a copy of the death certificate and has continued to pay to Penny Heddin Tiner, as the beneficiary of the optional employment service annuity, consistent with the designation of Larry Ray Tiner. (RR. p. 26-27, ll. 7-16; 17-21).

**The Relevant Law and It's Application to the Facts**

Section 9.302 sets forth the applicable law regarding the pre-decree designation of ex-spouse as beneficiary in retirement benefits & other financial plans. Section 9.302(a) sets forth the rule, inter alia, that if there is a "decree of divorce…rendered after a spouse, acting in the capacity of an annuitant…, has designated the other spouse as a beneficiary…the designating provision in the plan in favor of the former spouse is not effective unless:." The section then gives three provisions that would permit the designation of the former spouse to remain effective. Appellee concedes that she does not fall into any of the provisions of §9.302(a)(1),(2) or(3).

However, §9.302(e) provides that "[T]his section does not apply to the disposition of a beneficial interest in a retirement benefit or other financial plan of a public retirement system as defined by Section 802.001,, Government Code." Therefore, the relevant question is; is the beneficial interest that Penny Heddin Tiner received "in a retirement benefit or other financial plan of a

public retirement system as defined by Section 802.001, Government Code?" If it falls under this exception then the designation by Larry Ray Tiner of Penny Heddin Tiner is effective.

Section 802.001(3) defines a "public retirement system" as a "continuing, organized program of service retirement, disability retirement, or death benefits for officers or employees of the state or a political subdivision, or of an agency or instrumentality of the state or a political subdivision…" It follows in §802.001(3)(A),(B),(C),(D),(E),(F), and (G) with provision that are exceptions to the definition of a "public retirement system" previously set forth. The Employment Retirement System of Texas does not fall within any provision that would make it an exception to a "public retirement system" as defined in §802.001. Indeed, there is in evidence in this case a determination letter from the Internal Revenue Service that makes a "favorable determination on the plan identified," which is the "Employees Retirement System of Texas." (CR. Exh. 13). The "determination letter is based solely on your (the State of Texas)(parenthetical added) assertion that the plan is entitled to be treated as a Government plan under section 414(d) of the Internal Revenue Code." (Id.).

Therefore, the State of Texas has asked for and received a determination that the Employees Retirement System of Texas is a governmental plan under section 414(d) of the Internal Revenue Code. This would include the optional service retirement annuity under which Larry Ray Tiner designated Penny Heddin Tiner has beneficiary. Looking further, Section 414(d) of the Internal Revenue Code states the following:

> "(d) **Governmental plan**
> For purposes of this part, the term "governmental plan" means a plan established and maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing. The term "governmental plan" also includes any plan to which the Railroad Retirement Act of 1935 or 1937 applies and which is financed by contributions required under that Act and any plan of an international organization which is exempt from taxation by reason of the International Organizations Immunities Act (59 Stat. 669).

11

The term "governmental plan" includes a plan which is established and maintained by an Indian tribal government (as defined in section 7701 (a)(40)), a subdivision of an Indian tribal government (determined in accordance with section 7871 (d)), or an agency or instrumentality of either, and all of the participants of which are employees of such entity substantially all of whose services as such an employee are in the performance of essential governmental functions but not in the performance of commercial activities (whether or not an essential government function)."

Clearly, the Texas Employment Retirement System of Texas is a "public retirement system" as contemplated by §9.302(e) of the Texas Family Code. Therefore, the designation of Penny Heddin Tiner as the beneficiary of Larry Ray Tiner's optional service retirement annuity is effective. Not only is the pre-decree designation effective under Texas law, but factually Larry Tiner never took any action to change the beneficiary under law or the terms of his participation in the plan. This is in contradistinction to his actions regarding his life insurance and 401(k) proceeds. It is axiomatic that these benefits pass outside his estate under Texas law.

Insightful of Larry Ray Tiner's intentions, beyond his own self evident decisions during his life, was that in his Last Will and Testament he left his homestead, subject to a life estate to his current wife, to the grand-daughter of Penny Heddin Tiner, the appellee. (RR. p. 28-29, ll. 6-9;10-22). It seems unlikely, that Larry Ray Tiner had any other intention that to leave Penny Heddin Tiner as his beneficiary under the optional service retirement annuity. Nevertheless, the facts and the application of the law is clear that the Employees Retirement System of Texas is a "public retirement system" as defined by Section 801.001 of the Government Code and the divorce did not trigger an end to the designation that Larry Ray Tiner freely made and was free to rely on under Texas law as still having force and effect.

## Prayer

WHEREFORE, premises considered, Appellee, Penny Heddin Tiner, respectfully requests that the judgment of the trial court be affirmed and judgment rendered, or for such other and further relief to which Appellee may establish herself entitled.

Respectfully submitted,

Wm. Brandon Baade

By: _____

    Wm. Brandon Baade
    Texas Bar Number 00793189

522 N. Broadway
Tyler, Texas 75702
brandonbaadelaw@gmail.com
903-526-5867
888-965-9551
Attorney for Appellee
Penny Heddin Tiner

## CERTIFICATE OF SERVICE

This is to certify that on February 1, 2015,, a true and correct copy of the above and foregoing *Appellee's Brief* has been forwarded by U.S. mail to all counsel of record listed below:

**Attorney for Appellant**
Lawrence Beason
416 North Pacific Street
Mineola, Texas 75773

_____
    Wm. Brandon Baade

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, the undersigned counsel certifies that, exclusive of the exempted portions in Texas Rule of Appellate Procedure 9.4(i)(1), this brief contains 3,958 words (less than 15,000), based upon the word count of the Word program used to prepare the document.

Wm. Brandon Baade