ACCEPTED
06-14-00062-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/23/2015 2:10:25 PM
DEBBIE AUTREY
CLERK

**ORAL ARGUMENTS REQUESTED**

**No. 06-14-00062-CV**
**IN THE SIXTH COURT OF APPEALS**
**TEXARKANA, TEXAS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

2/23/2015 2:10:25 PM

DEBBIE AUTREY
Clerk

_____

**KRISTA LYNNE GARDNER**

**INDEPENDENT EXECUTRIX OF THE ESTATE OF LARRY RAY TINER,**
Appellant

**v.**

**PENNY HEDDIN TINER,**
Appellee.

_____

**On Appeal From the**
**402nd Judicial District Court**
**Trial Court Case Number 2006-404**

_____

**REPLY BRIEF FOR THE APPELLANT**
_____

**LAWRENCE L. BEASON**
**SBA# 01991000**
**416 N. Pacific Street**
**Mineola, Texas  75773**
**Telephone:  903-569-2627**
**Telefax: 903-569-9674**

**Attorney for Appellant**

1

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

**INDEX OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

**INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

**ARGUMENT and AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

**PRAYER FOR RELIEF** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

**CERTIFICATE OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

## INDEX OF AUTHORITIES

**Cases:**                                                        **Page**

Bushell vs. Dean, 803 SW@D 711,712 (Tex 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Keen vs. Weaver, 121 S.W. 3d 721 (2005) cert. denied . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . 4

**TO THE HONORABLE SIXTH COURT OF APPEALS:**

**INTRODUCTION**

Penny Tiner (Penny) has filed a brief in response to the one filed by Krista Lynne Gardner (Gardner), Independent Executrix of the estate of Larry Ray Tiner in this appeal. Gardner now files this reply and requests, based on the argument herein, as well as those found in her opening Brief, that the judgment of the trial court be reversed and rendered or, in the alternative, Iremanded for proceedings consistent with the rulings of this Court.

**ARGUMENT AND AUTHORITIES**

This appeal reminds one of two ships passing in the night. Penny, the Appellee, cites only one case in her brief. In that case, Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991), the Appellee complains of the timeliness of Appellant raising the issue of unjust enrichment. The entire controversy here is about unjust enrichment of the former wife who voluntarily waived any claim to the retirement benefits of Larry Ray Tiner, deceased, and now receives such benefits. Appellee does not question, distinguish or counter the authorities cited in Gardner's brief. Instead, Appellee's brief is devoted to the proposition that, under the Texas Family Code, §9.302(e) provides that this section "does not apply to the disposition of a beneficial interest in the retirement benefit or other financial plan of a public retirement system as defined by §802.001, Government Code. Nowhere in Appellee's brief does she address the federal law cases concerning waiver by a former spouse after a divorce. The Texas Supreme Court in Keen v. Weaver, 121 SW3d 721 (2005), cert denied held that (i) ERISA expressly preempted application of the Texas redesignation statute, but (ii) that applying the federal common law of waiver to former wife's waiver of ERISA plan benefits did not implicate or interfere with ERISA'S anti-alienation process; and (iii) that former wife's waiver of any interest in employee's ERISA plans was enforceable under federal common law. Keen, supra, required that a waiver by a former spouse must be specific, knowing and voluntary in order to be enforceable. Penny's waiver here was all of these.

4

She filed the divorce proceeding and knowingly, voluntarily and specifically waived any and all rights and interest in Larry Tiner's retirement benefits in the Property Settlement Agreement. This action on her part makes her waiver under federal common law enforceable. And so it should be. The couple's Property Settlement Agreement was also a written contract between the parties that should not be breeched. The law and the equity demand this result for Debbie, the surviving spouse, as one entitled to Larry's retirement benefits both as a surviving spouse and as a specific beneficiary in his Will.

## CONCLUSION AND PRAYER FOR RELIEF

Based upon the foregoing facts and authorities, the Executrix Appellant asks (i) that the judgment of the trial court be reversed and judgment be rendered in her favor; (ii) in the alternative, she asks that the judgment be reversed and remanded for proceedings consistent with this Court's opinion and (iii) and further, in the alternative, if this Court decides that Penny is entitled to any part of Larry's retirement benefits with ERS, then she should be awarded $1,00.00 only under the provisions of Paragraph IV of Larry's Last Will andTestament. The Executrix seeks reversal on the grounds stated herein as well as in equity, interest of justice and fairness; she also asks for any and all additional relief to which she may be entitled either in law or equity.

_____ /s/ Lawrence L. Beason_

Lawrence L. Beason
SBA #01991000
416 N. Pacific Street
Mineola, TX 75773
Telephone: 903-569-2627
Telefax: 903-569-9674

ATTORNEY FOR APPELLANT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded to the following counsel of record, via regular U.S. mail with proper postage affixed on this 23rd day of February, 2015.

William Brandon Baade
522 Broadway Ave.
Tyler, TX 75702

/s/ *Lawrence L. Beason*
Lawrence L. Beason