TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-09-00485-CV




Robert Hanselman, Appellant

v.

Texas Department of Family and Protective Services, Appellee




FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
NO. 2008-1174, HONORABLE WILLIAM HENRY, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N

                        Robert Hanselman appeals the district court’s order terminating his parental rights
to his four children following a trial before an associate judge. See Tex. Fam. Code Ann. § 161.001
(West Supp. 2010). In three issues, Hanselman challenges the factual sufficiency of the evidence
supporting the two predicate grounds for termination of his parental rights, contends that both the
associate judge and the district court erred by denying his motions for continuance, and raises a
complaint about the guardian ad litem’s testimony. We affirm the district court’s order terminating
his parental rights.




Background
                        Hanselman is the father of four children, S.M.H., D.L.H., S.N.H., and T.A.H. The
Texas Department of Protective Services (“the Department”) filed a petition seeking, among other
things, to terminate the parent-child relationship between Hanselman and each of the children. The
presiding judge of the district court referred the case to an associate judge who set the case for trial
on November 7, 2008. Hanselman objected to the referral and moved for a continuance. The stated
grounds for the requested continuance were Hanselman’s desire to complete a drug rehabilitation
program prior to the trial date and the recent appointment of Hanselman’s trial counsel. At a pretrial
hearing on October 24, 2008, the associate judge overruled the objection to the referral because it
was untimely filed, granted the motion for continuance, and reset the trial for December 5, 2008.
                        On November 21, 2008 the parties again appeared before the associate judge for a
pretrial hearing. At that hearing, Hanselman’s counsel again moved for a continuance on the ground
that Hanselman needed “more time to do his services” including drug treatment. The associate judge
denied the motion.
                        The case was tried to a jury beginning December 15, 2008. The Department alleged,
and the jury found by clear and convincing evidence, that either or both of the following statutory
grounds for termination existed: (1) Hanselman had knowingly placed or knowingly allowed the
children to remain in conditions or surroundings which endangered their physical or emotional well-being, and (2) Hanselman had engaged in conduct or knowingly placed the children with persons
who engaged in conduct which endangered their physical and emotional well-being. See Tex. Fam.
Code Ann. § 161.001(1)(D), (E) (West Supp. 2010). The jury also found that termination was in the
children’s best interest. Id. §161.001(2). In accordance with the jury’s verdict, the associate judge
issued a report in the form of a proposed judgment terminating Hanselman’s parental rights. This
report gave Hanselman notice that, under family code section 201.015, he had a right to request a
de novo hearing before the referring court to challenge the jury’s findings and the associate judge’s
recommendation. Id. § 201.015 (West Supp. 2010).
                        Hanselman requested a de novo hearing, and the hearing was set for March 5, 2009. 
On that day, counsel for Hanselman filed a written motion for continuance on the ground that he had
learned the previous day that Hanselman was incarcerated, and that “he had operated under the
notion that for Mr. Hanselman’s appearance at this March 5, 2009 de novo review, Mr. Hanselman
would be able to appear free of incarceration, or at worst appear via a bench warrant from the Hays
County jail.” Hanselman’s counsel asserted that his client was “entitled to appear for this de novo
review as this represents a final hearing in a termination trial.” Although the record does not include
an order disposing of this motion for continuance, the de novo hearing did not take place until
April 21, 2009. Hanselman was present and testified at the hearing. After the hearing, the
district court resolved all of the issues raised in Hanselman’s request for de novo review in the
Department’s favor and adopted the associate judge’s proposed judgment terminating Hanselman’s
parental rights. This appeal followed.

Discussion
                        To terminate parental rights, the Department has the burden to prove at least one of
the predicate grounds in family code section 161.001(1) and that termination is in the best interest
of the child. See id. § 161.001(1), (2); In re A.V., 113 S.W.3d 356, 363 (Tex. 2003). The
Department sought termination based on two predicate grounds. See Tex. Fam. Code Ann.
§ 161.001(1)(D), (E). Having found that the Department proved by clear and convincing evidence
at least one of the two predicate grounds, and that termination was in their best interest, the jury
answered “Yes” to the question of whether the parent-child relationship between Hanselman and
each of the four children should be terminated. On appeal, Hanselman does not challenge the finding
that termination was in the children’s best interest, but contends that the evidence was factually
insufficient to support either of the two predicate grounds alleged by the Department. See id.
§ 161.001(1)(D) (knowingly placed or knowingly allowed the children to remain in conditions or
surroundings which endangered their physical or emotional well-being), (E) (engaged in conduct or
knowingly placed the children with persons who engaged in conduct which endangered their physical
and emotional well-being). Hanselman also asserts that both the associate judge and the referring
district court erred in denying his requests for a continuance. Hanselman further contends that the
guardian ad litem failed to discharge her statutory duty to represent the children’s interests because
she failed to ask them whether they wished to maintain a relationship with their father. Hanselman
claims the alleged deficiencies in the investigation and the failure of the guardian ad litem to fulfill
her statutory duties caused him irreparable harm because her testimony did not include the statement
that the older children desired to maintain a relationship with him.




Motion for Continuance
                        The decision to grant or deny a motion for continuance is within the trial court’s
discretion. Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). We will not disturb a trial court’s
order denying a motion for continuance unless the trial court has committed a clear abuse of
discretion. Id. A trial court “abuses its discretion when it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law.” Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985).
                        To show an abuse of discretion, Hanselman relies on family code section 161.2011(a)
which provides that a parent whose rights are subject to termination and against whom criminal
charges are filed that directly relate to the grounds for which termination is sought may move for
continuance of the final trial until the criminal charges are resolved. See Tex. Fam. Code
Ann.§ 161.2011(a) (West Supp. 2010). The statute provides that the court may grant the continuance
only if it finds that a continuance is in the best interest of the child. See id. Hanselman contends that
because eight felony counts of child endangerment were filed against him at the time of trial, he was
entitled to a continuance. However, the record reflects that Hanselman never requested a
continuance of any proceeding on this ground.
                        In his first motion for continuance, Hanselman’s counsel requested that the trial set
for November 7, 2008 be continued in order to permit Hanselman to complete a drug rehabilitation
program before the trial started. The associate judge granted this motion and reset the trial for
December 5, 2008.


 The associate judge considered Hanselman’s second motion for a continuance
at a November 21, 2008 pretrial hearing. The basis for this motion for continuance was to give
Hanselman more time to “do his services” with “the drug treatment being the most profound one.” 
The associate judge denied the motion stating “while I can appreciate that you want more time, sir,
I’m not willing to do that at the expense of these children anymore.” This second motion for
continuance did not refer to the pending criminal charges or seek a continuance pursuant to family
code section 161.2011(a). Hanselman filed a third motion for continuance on March 5, 2009, the
date the case was set for a de novo hearing before the referring district court. This motion stated that
counsel for Hanselman anticipated that Hanselman would be “able to appear free of incarceration,
or at worst appear via a bench warrant from the Hays County jail,” but instead Hanselman had been
transferred to a Travis County jail facility where his counsel could not locate him. As grounds for
a continuance, the motion states: “Mr. Hanselman is entitled to appear for this de novo review as this
represents a final hearing in a termination trial. Neither Mr. Hanselman nor his attorney had
knowledge or control as to his remaining in the Hays County jail, being moved to the Travis County
Jail, nor being moved within the Travis County Jail system.”


 The third motion for continuance, like
the first two, did not seek to continue the hearing pursuant to family code section 161.2011(a).
                        Hanselman’s argument on appeal does not match the grounds asserted in any of his
three motions for continuance. To preserve a complaint for our review, a party must have presented
to the trial court a timely request, objection, or motion that states the specific ground for the
desired ruling, if it is not apparent from the context of the request, objection, or motion. See Tex.
R. App. P. 33.1(a). If a party fails to do this, error is not preserved, and the complaint is waived. 
Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991). Hanselman did not request that the associate
judge or the referring court continue his trial pursuant to family code section 161.2011(a), or even
on the more general ground that criminal charges of child endangerment had been filed against him. 
Consequently he has waived his right to raise this complaint on appeal. Even if Hanselman had
made and preserved this complaint, however, we would overrule this issue. The statute permits a
“continuance of the final trial in the suit until the criminal charges are resolved.” Id. In the present
case the child endangerment charges against Hanselman were dismissed in February 2009,
approximately two months before the de novo hearing in the district court. At the hearing, the
dismissals were admitted into evidence and considered by the district court in making its final
decision regarding termination of Hanselman’s parental rights. There was, therefore, no basis for
Hanselman to request a section 161.2011(a) continuance and the district court could not have abused
its discretion in denying such a request.
 
Factual Sufficiency of the Evidence to Support Grounds for Termination
                        A court may order involuntary termination only if the court finds that: (1) a parent
committed a predicate act or omission harmful to the child, and (2) termination is in the best interest
of the child. See Tex. Fam. Code Ann. § 161.001. The court must ensure that these findings are
supported by clear and convincing evidence—a standard of proof specifically intended, in view of
the constitutional interests at stake, to reduce the risk of erroneous terminations. Id.; see Santosky
v. Kramer, 455 U.S. 745, 765-65 (1982); In re G.M., 596 S.W.2d 836, 847 (Tex. 1990). This Court,
too, must apply a heightened standard of appellate review to complaints that the evidence is factually
insufficient to support the findings necessary for termination. In a factual sufficiency review, we
must give due consideration to evidence that the factfinder could reasonably have found to be clear
and convincing. In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002). We must inquire “whether the
evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth
of the . . . allegations.” Id. “If, in light of the entire record, the disputed evidence that a reasonable
factfinder could not have credited in favor of the finding is so significant that a factfinder could not
reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.” Id.
                        The jury found that the parent-child relationship between Hanselman and each of the
four children should be terminated based on clear and convincing evidence of at least one of two
predicate grounds: that Hanselman (1) knowingly placed or knowingly allowed the children to
remain in conditions or surroundings which endanger the physical or emotional well-being of the
children, or (2) engaged in conduct or knowingly placed the children with persons who engaged in
conduct which endangered the physical and emotional well-being of the children. See Tex. Fam.
Code Ann. § 161.001(1)(D), (E). Only one predicate finding under section 161.001(1) is necessary
to support a judgment of termination when there is also a finding that termination is in the child’s
best interest. In re A.V., 113 S.W.3d at 362. Because Hanselman does not challenge the best interest
finding, we must uphold the finding of termination if there is factually sufficient evidence to support
either of the two predicate grounds alleged. See Hann v. Texas Dep’t of Protective and Regulatory
Servs., 969 S.W.2d 77, 81 (Tex. App.—El Paso 1998, pet. denied).
                        We first consider whether the evidence was sufficient to establish by clear and
convincing evidence that Hanselman knowingly placed or knowingly allowed the children to remain
in conditions or surroundings which endangered their physical and emotional well-being. See Tex.
Fam. Code Ann. § 161.001(1)(D). Subsection 161.001(1)(D) requires proof of endangerment, which
means exposing a child to loss or injury, or jeopardizing a child’s emotional or physical health. 
Texas Dep’t of Human Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987). Subsection D focuses on
dangerous conditions or surroundings that endanger the physical or emotional well-being of the
child. In re A.S., 261 S.W.3d 76, 83 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). While
subsection D concerns the child’s living environment, rather than the parent’s conduct, parental
conduct is relevant to the child’s environment. Id. While the parent need not have certain
knowledge that an actual injury is occurring, the parent must at least be aware of the potential for
danger to the child in such an environment and must have disregarded that risk. In re C.L.C.,
119 S.W.3d 382, 392 (Tex. App.—Tyler 2003, no pet.). Domestic violence, lack of self control, and
a propensity for violence may be considered as evidence of endangerment. In re J.I.T.P., 99 S.W.3d
841, 845 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Conduct that subjects a child to a life
of uncertainty and instability endangers the physical and emotional well-being of a child. In the
Interest of R.W., 129 S.W.3d 732, 739 (Tex. App.—Fort Worth 2004, pet. ref’d). A child may be
endangered by a home environment in which he is continually exposed to unsanitary living
conditions. See, e.g., Phillips v. Texas Dep’t of Protective and Regulatory Servs., 25 S.W.3d 348,
354-55 (Tex. App.—Austin 2000, no pet.).
                        At trial, the jury heard extensive testimony from Hanselman that his relationship with
Prillerman, the children’s mother, was unstable and often violent. He testified that Prillerman had
physically assaulted him on more than one occasion and that assault charges had been filed against
her. In early 2007, Prillerman slapped Hanselman, waved a knife at him and stabbed it through a
window. Thereafter, Prillerman became increasingly verbally abusive. In February 2008, Prillerman
broke two of their mobile home’s exterior windows, broke down interior doors, and attacked
Hanselman while all four children were inside the home. Hanselman called 911 and told the
responding officers that Prillerman had a psychotic break and he believed she might have attacked
him with a knife. He and Prillerman reconciled two weeks later. Hanselman testified that even
though he had been told that domestic violence has serious emotional consequences for children who
witness it, he continued to allow Prillerman to live with him and the children. Hansleman also
testified that he believed Prillerman used drugs when the children were in her care and that her drug
use adversely affected the children. He also agreed that his and Prillerman’s drug use endangered
the children’s emotional needs “a little bit.”
                        Hanselman also testified regarding the unstable living conditions the children
experienced. Since the birth of S.M.H. in November 2002, the family had lived in seven different
places, including with various of Hanselman’s and Prillerman’s family members. The children had
been removed from Hanselman and Prillerman’s care by the Department three different times since
March 2006. In February 2008, the family moved into a mobile home that had no heat. From March
to June 2008, Hanselman and the children lived in several different motels until he bought another
mobile home. S.M.H. missed many days of school and was eventually dropped from her pre-kindergarten class. 
                        A Child Protective Services investigator testified regarding the unsanitary living
conditions at one of the family’s residences. When she arrived at the home, she detected a bad smell
and observed food that appeared to have been sitting out for one or two days. She also saw roaches
on the counter. S.M.H. had climbed on the counter looking for food. She observed feces on the
floor of one of the bedrooms along with wet toilet paper and dirty diapers. The refrigerator was
broken and contained spoiled milk. There was no air conditioning or heat. The furnace had been
removed leaving an exhaust pipe exposed. In the living room she found a pipe cleaner she believed
had been used to clean a marihuana pipe. The children were unwashed and wearing dirty clothes,
were sick, and had lice. The investigator testified that during her investigation she learned that
Hanselman was living in the house with Prillerman and the children. In her opinion, both
Hanselman and Prillerman were directly responsible for the condition of the house. Other witnesses
testified regarding the children’s living conditions including an officer who responded to
Hanselman’s 911 call. The officer stated that he saw marihuana stems and seeds in an ashtray in the
house as well as a knife lying on a table. Hanselman himself acknowledged that the children would
turn over the trash can and scatter trash and diapers that would not be discovered for several days. 
Hanselman also testified that he had found needles in the house, which he attributed to the previous
owner’s intravenous drug use.
                        Hanselman testified regarding his drug use and its effects on the children. He
admitted to having had a problem with cocaine, which he first started using when he was thirteen
years old. He used cocaine once a week in 2005, and later started smoking crack cocaine with
Prillerman. Hanselman testified that he used cocaine when he was living with his children and
Prillerman, that his crack cocaine use increased to three times a week, and became “really” bad in
June 2008. In September 2008 Hanselman was ingesting from four to ten rocks of crack cocaine a
day. Over the years, Hanselman participated in at least two drug rehabilitation programs, but each
time either never ceased using drugs or resumed his drug use shortly after completing the program. 
Hanselman testified that his drug use caused him to be absent from the home and irritable with the
children when he was home. He stated that he made S.M.H. responsible for many parenting chores,
including changing her siblings’ diapers before she was six years old. He agreed that he chose drugs
over the children and that it was a “bad thing” for them that he was absent from the home because
of his drug use.
                        There was also testimony that the drug use, unsanitary living conditions, domestic
violence and instability were ongoing despite the Department’s numerous efforts to intervene and
provide Hanselman and Prillerman with assistance. An officer with the Hays County Sheriff’s
Department testified about the conditions he observed at another of Hanselman’s residences when
conducting a welfare check initiated by a neighbor. When he arrived at the house he detected a bad
odor coming from inside. The house was filthy and in disarray and the floor was rotted in spots. The
sink in the bathroom was clogged and filled with dirty brown water and there was a pair of blue
children’s shorts with feces on them by the bathtub. The officer also found a lighter, a double-edged
knife, and what he believed to be drug paraphernalia in various places in the house.
                        We agree that the Department proved by clear and convincing evidence that
Hanselman knowingly placed or knowingly allowed his children to remain in conditions or
surroundings that endangered their physical or emotional well-being. See Tex. Fam. Code Ann.
§ 161.001(1)(D). Because ample evidence supports the jury’s finding that Hanselman endangered
the physical and emotional well-being of his children by continuing to expose them to unsanitary and
unsafe living conditions, as well as to repeated and escalating family violence and drug use, we need
not consider Hanselman’s issue attacking the jury’s finding under subsection E. We overrule
Hanselman’s second issue.

Guardian Ad Litem
                        We construe Hanselman’s third issue as a complaint that the trial court erred by
allowing the guardian ad litem to testify about her recommendations relating to the children’s best
interest. Hanselman asserts that the guardian ad litem failed to fulfill her statutory duties because
she did not ask the children whether they desired to maintain a relationship with their father. 
Hanselman contends that he was irreparably harmed by the guardian ad litem’s failure to ascertain
and testify that the older children “had the desire to maintain a relationship with their father
and possibly to remain with him” because such testimony “may have caused jurors to rethink
their verdict.”
                        A guardian ad litem appointed for a child is not a party to the suit but may conduct
an investigation to the extent she considers necessary to determine the best interests of the child. See
id. § 107.002(a)(1) (West 2008). The guardian ad litem shall, among other things, “seek to elicit in
a developmentally appropriate manner the child’s expressed objectives; . . .” Id. § 107.002(b)(2). 
At the time of trial, the oldest of the children was six years old. The guardian ad litem testified that
the children loved their father and had a bond with him. She testified that S.N.H. and T.A.H. were
too young to express their desires, but that she believed they loved their father. The guardian ad
litem sought to discover the children’s desires and feelings about their father in a manner she deemed
developmentally appropriate, which is all the statute requires. See Tex. Fam. Code Ann.
§ 171.002(b)(2). Furthermore, the guardian ad litem testified at the de novo hearing that she heard
the two older children tell the associate judge that they wanted to live with their father. The referring
court was made aware of the older children’s desires before it adopted the jury’s finding that
termination was in the child’s best interest, a finding Hanselman does not challenge on appeal. On
this record, we cannot conclude that the guardian ad litem failed to fulfill her statutory duties. The
trial court did not err by permitting the guardian ad litem to testify regarding her opinion of whether
termination of the parent-child relationship was in each child’s best interest.


 We overrule
Hanselman’s third issue.
 
CONCLUSION
                        Having overruled Hanselman’s three appellate issues, we affirm the district court’s
order of termination.
 
                                                                        _____________________________________________
                                                                        David Puryear, Justice
Before Justices Patterson, Puryear and Henson
Affirmed
Filed: December 9, 2010