

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00131-CV

---

ROGER K. PARSONS                                      APPELLANT

V.

ROBERT M. GREENBERG; LEGAL                           APPELLEES
SERVICES P.C., ROBERT M.
GREENBERG, ATTORNEY;
ROBERT E. MOTSENBOCKER;
SHAFER, DAVIS, O'LEARY &
STOKER, INC. F/K/A SHAFER,
DAVIS, MCCOLLUM, ASHLEY,
O'LEARY & STOKER, INC.; E.I. DU
PONT DE NEMOURS AND
COMPANY; AND CONOCOPHILLIPS
F/K/A CONOCO, INC.

----------

## FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This appeal arises from a legal malpractice suit by Appellant Roger K.

Parsons against Appellees Robert M. Greenberg; Legal Services P.C.; Robert M.

---

[1]*See* Tex. R. App. P. 47.4.

Greenberg, Attorney (collectively, Greenberg); Robert E. Motsenbocker; Shafer, Davis, O'Leary & Stoker, Inc. f/k/a Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Inc. (collectively, Motsenbocker); E.I. du Pont de Nemours and Company (DuPont); and ConocoPhillips f/k/a Conoco, Inc. (Conoco). We will affirm the trial court's judgment.

**Background Facts**

In November 1991, Parsons retained Windle Turley and Windle Turley, P.C. (collectively, Turley) to represent him in wrongful death and survival actions in connection with the death of his wife (the DuPont litigation). A jury returned a verdict for Parsons, awarding him $4.75 million in damages and also awarding punitive damages. The trial court granted judgment notwithstanding the verdict on the punitive damages but signed a $4.75 million judgment for Parsons.

In July 1996, Parsons retained Robert Greenberg to sue Turley for legal malpractice (the Turley litigation) relating to Turley's representation of him in the DuPont litigation. Later, Parsons also hired Motsenbocker at Greenberg's suggestion. Turley moved for summary judgment on limitations grounds because Turley was not served with citation prior to the expiration of the statute of limitations. The trial court granted summary judgment for Turley, and the Dallas Court of Appeals affirmed the summary judgment. *See Parsons v. Turley*, 109 S.W.3d 804, 808–10 (Tex. App.—Dallas 2003, pet. denied).

While Parsons appealed the summary judgment, he retained a new attorney, Kevin Queenan, and filed the instant suit against Greenberg and

2

Motsenbocker for their representation in the Turley litigation. Parsons alleged claims of misrepresentation and fraud, breach of fiduciary duty, negligence, gross negligence, and violations of the Deceptive Trade Practices Act against the attorneys. Greenberg and Motsenbocker filed motions for summary judgment on all but the legal malpractice claims. The trial court granted the motions.

Queenan later withdrew as Parsons's counsel, and Parsons continued pro se, adding Conoco and DuPont as defendants in his third amended petition. Parsons alleged claims for unjust enrichment and conspiracy to defraud against Conoco and DuPont, sought the imposition of a constructive trust against them, and sought a declaration that Conoco and DuPont were vicariously liable for the fraudulent acts of Greenberg and Motsenbocker.

Conoco and DuPont specially excepted to Parsons's fourth amended petition, and the trial court ordered Parsons to replead his claims against Conoco and DuPont. After Parsons filed his fifth amended petition, Conoco and DuPont specially excepted again and moved to dismiss. The trial court granted Conoco and DuPont's special exceptions and dismissed the claims against them.

Parsons proceeded to trial on the claims of legal malpractice against Greenberg and Motsenbocker. The jury found that Greenberg had been negligent in handling the Turley litigation, that Motsenbocker had not been negligent, and it awarded Parsons $0 in damages. Parsons appealed.

**Discussion**

**I.    The claims against Greenberg and Motsenbocker**

3

## A. Sufficiency of the evidence

In his first issue, Parsons argues that two of the jury's findings are against the great weight and preponderance of the evidence. When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). When the party with the burden of proof appeals from a failure to find, the party must show that the failure to find is against the great weight and preponderance of the credible evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 651 (Tex. 1988).

### 1. The jury's finding that Motsenbocker was not negligent

In the first subpart of his first issue, Parsons claims that Motsenbocker was negligent under three theories and that the jury's finding that he was not negligent was against the great weight and preponderance of the evidence.[2]

### a. Lost punitives and statute of limitations deadlines

Parsons argues that Motsenbocker was negligent in pursuing damages against Turley when he either knew or should have known that they were not available and that Motsenbocker was negligent in not arguing that the limitations period should have been calculated from a later date, thus making service of citation on Turley timely.

In his brief, Parsons does not direct us to, nor have we found, any evidence presented at trial that Motsenbocker knew or should have known that lost punitives were not available in a legal malpractice case, or that he pursued them despite this knowledge. An appellate court is not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's argument.[3] *Hall v. Stephenson*, 919 S.W.2d 454, 466–67 (Tex. App.—Fort Worth 1996, writ denied). The only evidence that

---

[2]Parsons argues that Greenberg is also negligent under these theories, but because Parsons does not appeal the jury's finding that Greenberg was negligent, we do not address Parsons's arguments pertaining to Greenberg's actions.

[3]This case includes a reporter's record spanning forty-one volumes and a clerk's record of fifty-nine volumes.

Parsons does point to pertains to Motsenbocker's general responsibility to research Parsons's claims. This is not evidence that lost punitives were not available, that Motsenbocker pursued them regardless of their unavailability, or that he was negligent in pursuing them.

Likewise, Parsons does not direct us to, nor have we found, any evidence presented at trial that Motsenbocker should have argued in the Turley litigation that the limitations period should have been calculated from a later date. Parsons cites only to a bench conference in the reporter's record that makes no mention of the statute of limitations or any deadlines, and to two briefs written by Motsenbocker and Greenberg that do not address a second accrual date. This is not evidence that there was another way to calculate the limitations period or that Motsenbocker was negligent in failing to argue for it. Parsons's own testimony at trial referred to the 1996 date as the correct start of the limitations period for his claims against Turley. He testified,

> And what Ms. Reggio says in her memorandum—and I'll show you hopefully after lunch here—is that there is a two-year statute of limitations on legal malpractice claims that begin to run—it is—the starting time is the date that mandate issued in the—in the appeal of Parsons v. DuPont. So that was back in 1996, July the 18th, 1996.

> So two years from that date—or between that time, between 19—July the 18th, 1996, and July the 18th, 1998, is when you have to file a lawsuit; otherwise, your case will be thrown out for reasons of not timely perfecting your claims against—against the party, in this case Mr. Turley and his law firm.

Parsons later mentions that an opinion in the Turley litigation from the Fifth Circuit Court of Appeals noted that there was a second, later appeal in the

6

underlying DuPont litigation that possibly could have tolled the limitations period, but there was no evidence presented that Motsenbocker should have argued for it or that he was negligent in failing to do so. Thus, the jury's finding that Motsenbocker was not negligent under these theories is not against the great weight and preponderance of the evidence.

### b. Failure to serve citation

Parsons argues that, as his attorney, Motsenbocker was negligent in failing to serve Turley with citation. The parties do not dispute that Parsons and Motsenbocker had an attorney-client relationship; they disagree as to the duties that that relationship imposed upon Motsenbocker. A plaintiff in a legal malpractice suit must prove that (1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred. *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995); *Stancu v. Stalcup*, 127 S.W.3d 429, 432 (Tex. App.—Dallas 2004, no pet.). Parsons argues that Motsenbocker did not present evidence affirmatively showing that he had declined the duty of overseeing timely service of citation. We are mindful that it was first Parsons's burden to present evidence that Motsenbocker owed Parsons that duty. *See Peeler*, 909 S.W.2d at 496.

Parsons's expert Michael Quinn testified at trial that Motsenbocker did not use due diligence in having citation issued and service achieved on Turley. Then when asked whether he knew if Greenberg was the one who made the decision to delay service, Quinn testified that he did not know but that it would not surprise

7

him.  Motsenbocker's expert Roland Johnson testified that Motsenbocker was not negligent in "the role that he had at the time of filing of the lawsuit."  Johnson explained, "When multiple people work on things, people have different roles."  At the time of filing the original petition, Johnson believed that Motsenbocker's role did not include making sure that citation was served.

Parsons argues that Johnson's testimony was not evidence because it conflicts with the undisputed facts.  But contrary to Parsons's assertion, the evidence at trial was not that Greenberg was "completely dependent on Motsenbocker when it c[a]me[] to pre-trial procedure."  Greenberg testified that he was "not . . . very good" at legal writing and research and so solicited the help of others in drafting petitions and other motions practice.  But neither Greenberg nor any other witness ever testified that Greenberg and Motsenbocker had agreed that Motsenbocker alone would be responsible for all pre-trial procedures.[4]  In fact, when asked whether Parsons had any knowledge that Motsenbocker had made an agreement to withhold service of citation to Turley, Parsons responded, "No.  I have no evidence of that, no."

The undisputed evidence is that Greenberg filed the petition and delayed service of citation, a practice he had done "lot[s] of times."  Motsenbocker was never tasked with issuing or serving the citation, and his name was not on the petition.  Parsons did not plead or argue any sort of vicarious liability that

---

[4]If the evidence had shown such an agreement, it would have disproven any finding of negligence against Greenberg.

8

Motsenbocker might have had for Greenberg's actions. *See* Tex. Disciplinary Rules Prof'l Conduct R. 5.01 cmt. 1, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A, art. 10 § 9 (West Supp. 2011) (noting the "general principle that a lawyer is not vicariously subjected to discipline for the misconduct of another person"); *see also* Tex. Disciplinary Rules Prof'l Conduct R. 7.01 cmt. 1 (noting that the prohibition against naming a law firm "in any manner suggesting such an ongoing professional relationship" because it would "create the false impression that the lawyers named have assumed a joint professional responsibility for clients' legal affairs"). He presented no evidence that when two or more lawyers take on representation of a client, each lawyer is responsible for overseeing the other's work. *See Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908, 918 (Tex. App.—Dallas 1997, writ denied) (noting that one of the law firms representing the plaintiff did not participate in or control the prosecution of his counterclaims when another law firm was hired to prosecute those claims and maintained exclusive control over them). As Motsenbocker explained,

> If you enter—if you're asked to become co-counsel in a case that's already under progress, by two other very fine lawyers, and they ask you to do a specific task, that does not impose, in my opinion, a duty on me to go look at all of the work those lawyers have done for two years to find out if they might have made a mistake. I did what I was asked to do and I did it with reasonable prudence and [Parsons was] satisfied with the results of my work.

Both sides presented expert witnesses to support their positions, and the jury was free to give each expert's testimony the weight it felt was appropriate. *See Sears, Roebuck & Co. v. Black*, 708 S.W.2d 925, 927 (Tex. App.—Eastland

9

1986, no writ) (noting that the jury was free to believe one expert's testimony and to reject that of another when both sides presented expert witnesses). Johnson testified that he had reviewed documents and "satisfied [himself] about the particular activity of Mr. Motsenbocker, as it related to the filing and the service issues in this lawsuit that we're here today about." Parsons's expert Quinn testified that he had not reviewed documents or testimony that described Motsenbocker's role in the Turley litigation other than the testimony presented at trial before he took the stand. Quinn stated he only heard portions of Parsons's testimony. He acknowledged that other than the trial testimony that he heard, he had no basis for rendering an opinion as to Motsenbocker's alleged negligence. The jury was free to believe Johnson's testimony and disbelieve Quinn's. Its determination that Motsenbocker was not negligent in his duties to Parsons is not against the great weight and preponderance of the evidence.

## 2. The jury's finding of $0 damages

In the second subpart of his first issue, Parsons claims that the jury's finding that he suffered zero damages was against the great weight and preponderance of the evidence. "[A] malpractice plaintiff may recover damages for attorney's fees paid in the underlying case to the extent the fees were proximately caused by the defendant attorney's negligence." *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 122 (Tex. 2009). Parsons was therefore required to prove what amount he paid to Greenberg and Motsenbocker that he would not have had to pay but for

10

Greenberg's negligence. "Causation must be proved, and conjecture, guess, or speculation will not suffice as that proof." *Id*.

Parsons's evidence at trial on damages consisted of bills from various entities and checks that he wrote throughout the course of the Turley litigation. Parsons did not present evidence as to which bills were proximately caused by Greenberg's negligence, or conversely, what bills he would have had to pay regardless of any negligence. *See id*. (citing Thomas D. Morgan, *Lawyer Law: Comparing the ABA Model Rules and the ALI Restatement (Third) of the Law Governing Lawyers* 98 (2005) (distinguishing malpractice from fee forfeiture and noting that the "key distinction" is that a fee forfeited "need have no relation to actual damages suffered by the client")). He argues that even if the evidence were unclear as to precisely how much damage Parsons actually suffered, the jury "could have arrived at a number of plausible damages awards" and thus, the award of zero damages is illogical. But even if the jury could have sifted through eight years of bills and determined which tasks were related to defending against the summary judgment motion on failure to diligently serve citation, Parsons would still fail to meet his burden under *Akin, Gump*.

In *Akin, Gump*, the plaintiff NDR sued its attorneys for failing to request certain jury instructions in the underlying trial against Panda. 299 S.W.3d at 111. The supreme court held that NDR could not recoup any of the attorneys' fees it paid to Akin Gump in appealing its loss at trial because it did not present

11

evidence that it would not have otherwise had to pay *some* appellate fees.  *Id*. at 123.  It said,

> There is no evidence that if NDR had recovered a favorable judgment in the Panda suit, it would not have paid appellate fees to defend the judgment.  The evidence does not show that if NDR had obtained a favorable judgment, Panda would not have appealed the case or that NDR would not have defended its judgment on appeal if Panda appealed.

*Id*.  Under the reasoning of *Akin, Gump*, Parsons could only have met his burden by presenting evidence that if Greenberg had diligently served Turley and the case had proceeded, there would have been no other appeal in the case for which Parsons would have paid attorneys' fees.  It is not enough to show that Parsons would not have had to pay attorneys' fees for the appeal of the summary judgment based on lack of diligence in serving citation.  And while we agree with Parsons that it is a difficult burden to bear, it is nonetheless the burden that Parsons had to meet and he did not meet it.

Because there was no evidence of the amount of damages proximately caused by Greenberg's negligence, the jury's award of $0 damages is not against the great weight and preponderance of the evidence.  We overrule Parson's first issue.[5]

---

[5]Parsons also appears to argue that the trial court erred by entering judgment for Greenberg and Motsenbocker consistent with the jury's findings because the trial court was aware of information outside the record that, according to Parsons, demonstrated negligence by the attorneys.  To the extent that Parsons argues that the trial court should have considered information not in evidence, we overrule that argument.  *See Pool*, 715 S.W.2d at 635 (noting that the appellate court reviews a factual sufficiency challenge based on the evidence

## B. Procedural errors

In his second issue, Parsons argues that the trial court committed three procedural errors that prejudiced the jury against Parsons.

### 1. The trial court did not err by allowing evidence of Parsons's conspiracy theories to be admitted.

The morning of voir dire, Parsons filed a supplemental motion in limine, which is not in the record, seeking to exclude all references to any conspiracy theories Parsons might have had. The defendants objected that the motion was untimely, and the trial court declined to hear it.

Five hours later, during voir dire, Lisa Blue[6] asked the jurors,

> Roger Parsons with an S, has anyone ever Googled Mr. Roger Parsons? Anybody ever Googled him? Is there anybody on the jury, just raise your hand quickly, now, this is confusing, George Bush, the father, . . . how many of you think George Bush, the father, did a good job, raise your hand?

Parsons objected, saying, "I would like to object, Your Honor. May we approach and discuss this?" A bench conference was held off the record after which Blue returned to voir dire.

---

in the record); *see also K-Mart No. 4195 v. Judge*, 515 S.W.2d 148, 155 (Tex. Civ. App.—Beaumont 1974, writ dism'd) ("[I]t would seem most inappropriate for the court to consider evidence outside its own record notwithstanding prior precedent supports such practice.").

[6]Blue represented Greenberg for the purposes of voir dire. Blue, as the executrix of the estate of Frederick M. Baron, and Baron & Budd, P.C. were also defendants in this case. The trial court granted summary judgment for them, which was upheld on appeal. *See Parsons v. Baron*, No. 02-09-00380-CV, 2011 WL 3546617, at *1 (Tex. App.—Fort Worth Aug. 11, 2011, no pet. hist.) (mem. op.).

13

Parsons argues that Blue's line of questioning during voir dire was prejudicial. Normally, to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). Parsons argues that he preserved his complaint because the grounds for his objection were apparent from the context. *See* Tex. R. Evid. 103(a)(1). However, it is not clear from the record what Parsons's objection was, whether he argued that the question was prejudicial, or whether he objected on some other grounds. The questions to which Parsons objected did not include any references to conspiracy theories, and later when Blue did mention Parsons's belief in a conspiracy, Parsons did not object. The same information also came in at trial when Motsenbocker questioned Parsons regarding conspiracy theories and George H.W. Bush. Parsons objected but stated no basis for his objection, and it was overruled.

Parsons argues that he did not have to renew his objections under rule 103(a)(1) of the rules of evidence. *See* Tex. R. Evid. 103(a)(1). Rule 103(a)(1) states, in part, "When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury

14

without the necessity of repeating those objections." *Id*. However, as stated above, there is no ruling on the record. Therefore, Parsons has not preserved this complaint for our review.

### 2. The trial court did not err in its instructions to Parsons regarding admission of evidence.

Parsons argues that the trial court "[a]ctively obscure[red]" evidentiary issues, "played 'hide the ball,'" and allowed opposing counsel to "bully" Parsons by not providing Parsons with more guidance in his attempts to admit evidence. Numerous times during trial, opposing counsel objected to Parsons's offers of evidence on the grounds that the evidence lacked foundation. In most instances, the trial court asked Parsons if he would like to continue in attempting to establish a foundation for admission. The trial court admitted some of Parsons's evidence over objections but excluded other evidence.

Parsons's argument on appeal contains no authority supporting his contention that the trial court's instructions and rulings were improper; thus, it is inadequately briefed. *See* Tex. R. App. P. 38.1(i) (requiring an appellant's brief to contain clear and concise arguments "with appropriate citations to authorities"); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing the "long-standing rule" that a point may be waived due to inadequate briefing). We also note that it is not the court's

responsibility to school a pro se litigant in legal terminology and procedure.[7] *See, e.g., Rymer v. Lewis*, 206 S.W.3d 732, 736 (Tex. App.—Dallas 2006, no pet.) (noting that public policy demands that a trial judge act with absolute impartiality and not act as an advocate for any party).  Parsons elected to represent himself, and he was bound to the same standards as licensed attorneys.  *See Cheng v. Wang*, 315 S.W.3d 668, 672 (Tex. App.—Dallas 2010, no pet.) (noting that pro se litigant's difficulties with the technicalities of a trial do not constitute grounds for reversal) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.

---

[7]We further note that Parsons appeared to understand what it means to "lay the foundation" for the admission of evidence, as shown in this exchange during trial,

> MR. PARSONS:  Okay.  Thank you.  Your Honor, I offer Plaintiff's Exhibit No. 31 as --
>
> MR. ROSS:  Objection, lacks foundation.
>
> THE COURT:  Mr. Parsons, would you like to lay a foundation for this exhibit?
>
> MR. PARSONS:  Yes, ma'am.  I thought I had just done that in the trial.
>
> . . . .
>
> MR. ROSS:  Your Honor, we'd like to withdraw our objection.  I have no objection to this document coming in.
>
> THE COURT:  Thank you, Mr. Ross.  Hearing no objection to Plaintiff's Exhibit No. 31, that exhibit is admitted into evidence at this time.

16

1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves.")).

### 3. The trial court did not err by submitting the question on damages to the jury.

Parsons argues that the jury charge regarding damages was worded such that it "proximately caused" the jury to award zero damages. Parsons did not object to the question before the charge was read to the jury, as required by the rules of civil procedure. *See* Tex. R. Civ. P. 272. During the charge conference, the only reference Parsons made to Question 3 was

> Regarding Question 3, I've—I would like to have an additional Question 4 that similarly worded, but instead of regarding the damages—I mean, the amounts paid by Roger Parsons would be the amounts lost by Roger Parsons by the loss of the legal action that the defendants were hired to handle named *Parsons v. Turley*. Those are my objections, Your Honor.

Parsons's statement does not appear to be an objection to Question 3 at all, much less the same objection that he now attempts to make on appeal. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (noting that the complaint on appeal must be the same as that presented in the trial court). Parsons argues that he objected to Question 3 in his motion for new trial. This is not sufficient to preserve error without an objection during the charge conference. *See Kirkpatrick v. Mem'l Hosp. of Garland*, 862 S.W.2d 762, 769 (Tex. App.—Dallas 1993, writ denied) ("Objections to the charge in a motion for a new trial are untimely and preserve nothing for review."). Because Parsons did not timely

17

object, he has waived his objection. *See* Tex. R. Civ. P. 272; Tex. R. App. P. 33.1. We overrule Parsons's second issue.

**C. The August 11, 2008 order**

In his third issue, Parsons argues that the trial court issued an order sua sponte that incorrectly limited Parsons's recovery to a regurgitation of fees paid to Greenberg and Motsenbocker.

We first note that the August 11, 2008 order was not sua sponte but an order on the defendants' motion to exclude expert testimony. In May 2008, Motsenbocker filed a motion (joined by Greenberg) for partial summary judgment on Parsons's claim for lost punitive damages (that is, the punitive damages Parsons alleged he would have recovered from Turley but for Greenberg and Motsenbocker's negligence). Motsenbocker argued that lost punitive damages in a legal malpractice action were barred as a matter of law. The trial court granted Motsenbocker's motion, and because Parsons would not be allowed to seek lost punitives at trial, Motsenbocker (joined by Greenberg) then moved to exclude Parsons's proposed expert testimony on matters pertaining to lost punitives. The August 11, 2008 order granted Motsenbocker's motion stating,

> On July 11, 2008, the Court heard [Motsenbocker's] "Motion to Exclude Testimony of Plaintiff's Designated Experts" . . . . [T]he Court hereby finds and orders as follows:
>
> By Order entered June 6, 2008, the Court has previously granted [Motsenbocker's] Motion for Partial Summary Judgment and has ordered that Plaintiff take nothing on his claims for lost punitive damages. Based upon that ruling, the Court finds that the only alleged damages the Plaintiff is entitled to recover in this case are

18

the attorneys['] fees and expenses that he paid to the Defendants and all other expenses Plaintiff paid to others, including, but not limited to, expert witness fees and investigator fees and expenses in pursuing his claims against Windle Turley. Based upon the Court's rulings, insofar as the proffered testimony of Plaintiff's proposed experts are not relevant to Plaintiff's claims against these Defendants, such testimony should be excluded at the trial of the case.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the testimony of [Parsons's proposed experts on lost punitive damages], all as set forth in their reports offered into evidence in this hearing, be excluded from the trial of this case in their entirety.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any testimony of Michael Quinn relating to his opinion as to any breaches of duty of Windle Turley constituting negligence, gross negligence, breaches of fiduciary duties, or other matters related to the DuPont or Conoco litigation, and the amount of compensatory damages or punitive damages that could have been awarded in the DuPont and/or Conoco litigation is hereby excluded in the trial of this case.

Parsons argues on appeal that the August 11, 2008 order was overbroad and incorrectly limited his recovery to the fees he paid the attorneys because he had other live causes of action at the time of the order, including a claim for gross negligence, for which other damages are recoverable. Parsons received a copy of the proposed order at the hearing and asked for "a couple of days to respond" to the proposed wording. There is nothing in the record showing that, in the month between the hearing and the date the trial judge signed the order, Parsons ever objected to the language as overbroad, nor is there any evidence that Parsons made an objection to the trial court after the order was signed. Because

19

Parsons never made an objection to the trial court, he has waived the issue on appeal.[8] *See* Tex. R. App. P. 33.1(a); *Bushell*, 803 S.W.2d at 712.

Even if he had preserved the error, two partial summary judgments ordered that Parsons take nothing on his other, non-negligence claims prior to trial. Because we will uphold those summary judgments, Parsons has suffered no harm by the limiting of his recovery in the August 11, 2008 order. *See* Tex. R. App. P. 44.1(a) (noting that the appellate court may not reverse a judgment unless the error caused harm to the appellant); *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 225 (Tex. 2005). Parsons's argument that the August 11, 2008 order erroneously prevented the trial judge from considering evidence on damages related to Parsons's gross negligence and fraud claims when she ruled on the defendant's motion for summary judgment was also never presented to the trial court and thus was waived. *See Bushell*, 803 S.W.2d at 712. Further, none of the parties argued in their motions for summary judgment that Parsons's claims should be dismissed because Parsons could not present evidence of damages beyond the fees he paid. Thus, it could not have been the ground on which summary judgment was granted. *See State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) (noting that a court cannot grant summary

---

[8]We also note that contrary to his position on appeal, in the hearing on Parsons's motion for leave of court to amend his petition for the sixth time, Parsons argued that Greenberg and Motsenbocker misinterpreted the August 11, 2008 order and stated that the order "was limited to really saying that you could not recover punitive damages in a legal malpractice case."

20

judgment on grounds not presented in the motion); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). In fact, in the hearing on the attorneys' motions for summary judgment, Parsons stated,

> We don't have a ruling that this is a legal malpractice case. We've had a ruling that the Motsenbocker defendants and Greenberg defendants have joined in [a] motion for summary judgment as to damages as to what—whether I can collect punitive damages in this case, lost punitive damages. And all the Court said is, ["]No, you can't.["]

In his reply brief on appeal, Parsons also appears to make a due process argument. Parsons did not make this argument to the trial court (or in his opening brief on appeal). As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal. *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) (citing *Wood v. Wood*, 159 Tex. 350, 320 S.W.2d 807, 813 (1959)). Parsons's constitutional argument is not properly before us and we will not address it. *See id*. (refusing to address constitutional arguments not asserted in the trial court). We overrule Parsons's third issue.

### D. Partial summary judgments

In Parsons's fourth through seventh issues, he complains of partial summary judgments dismissing his claims against Greenberg and Motsenbocker for fraud, unjust enrichment, breach of fiduciary duty, and gross negligence. We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most

favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). When a party moves for summary judgment on both no-evidence and traditional grounds, we will first review the trial court's judgment under the no-evidence standard. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the appellant failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the appellees' summary judgment proof satisfied the less stringent rule 166a(c) burden. *Id.*

### 1. Fraud

In his fourth issue, Parsons argues that the trial court erred by granting summary judgment for Motsenbocker and Greenberg on Parsons's claim for fraud. The only theory of fraud that Parsons argues on appeal is that the attorneys researched and prepared a claim against Turley for fraud on the court but never filed it. Motsenbocker argues that this specific theory of fraud was not alleged in the live pleading at the time of the summary judgment. We cannot

determine whether the theory was or was not pleaded in Parsons's fourth amended petition because the petition does not appear in the record before us. However, we do not need to supplement the record with the relevant pleading because even if Parsons pleaded this theory, he failed to produce any evidence that the attorneys committed fraud by failing to file the fraud-on-the-court claim against Turley.

To prevail on his fraud claim, Parsons must prove that: (1) Greenberg and Motsenbocker made a material representation that was false; (2) they knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) they intended to induce Parsons to act upon the representation; and (4) Parsons actually and justifiably relied upon the representation and thereby suffered injury. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). To support his claim, Parsons points to his affidavit, which stated that Greenberg and Motsenbocker told him that there was enough evidence to support a fraud-on-the-court claim against Turley and that the attorneys never filed the claim. This is not evidence that the attorneys never intended to file the claim or that they told Parsons they would file the claim with no intention to do so.[9] Because Parsons did not produce evidence

---

[9]Parsons argues that the trial court erroneously struck two paragraphs from one of his affidavits. Parsons's first complaint, that the trial court erroneously struck a description of hiring an investigator, is immaterial because it is not evidence that the attorneys never intended to file the claim. Parsons's second complaint, that the trial court erroneously struck an entire paragraph when only some of it was speculative, is devoid of any citation to authority and

on every element of his fraud claim, the trial court did not err by granting summary judgment in favor of Greenberg and Motsenbocker on the fraud claim. *See Frost Nat'l Bank*, 315 S.W.3d at 508. We overrule Parsons's fourth issue.

### 2. Unjust enrichment

On appeal, Parsons's argument regarding the dismissal of his claim of unjust enrichment contains no authority and thus, it is inadequately briefed. *See* Tex. R. App. P. 38.1(i) (requiring an appellant's brief to contain clear and concise arguments "with appropriate citations to authorities"); *see also Fredonia State Bank*, 881 S.W.2d at 284–85 (discussing the "long-standing rule" that a point may be waived due to inadequate briefing). Further, Parsons asserted in the trial court that he did not sue Greenberg and Motsenbocker for unjust enrichment. We overrule Parsons's fifth issue.

### 3. Breach of fiduciary duty

In his sixth issue, Parsons argues that the trial court erred by granting summary judgment in favor of the attorneys on his claim for breach of fiduciary duty.

> The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant, (2) a breach by the defendant of his fiduciary duty to the plaintiff, and (3) an injury to the plaintiff or benefit to the defendant as a result of the defendant's breach."

---

thus, inadequately briefed. *See* Tex. R. App. P. 38.1(i); *see also Fredonia State Bank*, 881 S.W.2d at 284–85.

*Lindley v. McKnight*, 349 S.W.3d 113, 124 (Tex. App.—Fort Worth 2011, no pet.) (quoting *Lundy v. Masson*, 260 S.W.3d 482, 501 (Tex. App.—Houston [14th Dist.] 2008, pet. denied)).

Parsons claims that it was a breach of fiduciary duty for the attorneys (1) to bill Parsons for work on his fraud-on-the-court claim when they had no intention of filing it; and (2) to handle the appeals of the dismissal of the Turley litigation themselves "without telling Parsons that their error was the reason for the dismissal" and when reversal of the dismissal "was more likely with another attorney." First, as we stated above, there is no evidence that the attorneys never intended to file the fraud-on-the-court claim. Second, Parsons cites to no evidence that supports his contention that the attorneys never told Parsons the reason for the dismissal or that reversal would be "more likely" with different appellate counsel. He argues without support that the attorneys "insisted" on handling the appeals in the Turley litigation. This is not evidence that the attorneys breached any fiduciary duty to Parsons that they may have had. We overrule Parsons's sixth issue.

### 4. Gross negligence

In his seventh issue, Parsons argues that the attorneys committed gross negligence by pursuing a claim against Turley for lost punitive damages without conducting the proper research. The factor that "lifts ordinary negligence into *gross* negligence is the mental attitude of the defendant . . . ." *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 922 (Tex. 1981). That is, Parsons was required to

25

demonstrate that Greenberg and Motsenbocker were "consciously, i.e., knowingly, indifferent to his rights, welfare and safety." *Id.*

As evidence of Greenberg and Motsenbocker's failure to properly research the claim, Parsons points to the fact that the attorneys successfully defended against a claim for lost punitives when Parsons asserted it against them in the present case. That the state of the law in 2008—when the attorneys moved for partial summary judgment on Parsons's claim for lost punitive damages—was such that the attorneys argued that lost punitives were barred as a matter of law does nothing to demonstrate that the law was so in 1998, when the attorneys filed the Turley litigation. Further, as Parsons noted in the trial court, Texas law had at one point provided for the recovery of punitive damages as compensatory damages in a legal malpractice case. *See Patterson & Wallace v. Frazer*, 93 S.W. 146, 148 (San Antonio 1906), *rev'd on other grounds*, 100 Tex. 103, 94 S.W. 324 (1906). Parsons also noted in the trial court that he had found no case explicitly overruling *Patterson*. Nor have we. Greenberg and Motsenbocker made a policy argument in their defense with which the trial court agreed. That is not evidence that Greenberg and Motsenbocker knew ten years earlier that pursuing lost punitive damages was a worthless endeavor. Parsons cites to no other evidence except for a paragraph from one of his affidavits which was objected to and excluded by the trial court. Parsons did not complain of the exclusion on appeal. Thus, Parsons has presented no evidence to support his claim of gross negligence. We overrule Parsons's seventh issue.

Because we hold there is no evidence to support Parsons's claims of fraud, unjust enrichment, breach of fiduciary duty, or gross negligence, we do not reach his argument that the claims were not impermissible fracturing of his legal malpractice claim. *See Ridgway*, 135 S.W.3d at 600 (noting that there is no need to analyze summary judgment arguments under the traditional summary judgment burden of proof if the appellant failed to produce more than a scintilla of evidence under the no-evidence summary judgment burden); *see also* Tex. R. App. P. 47.1.

## II. The motion to disqualify

Parsons's argument on his eighth issue—that it was error for the trial court to refuse to hear his motion to disqualify a judge after he retired—is comprised of two sentences, with no cites to supporting authority, other than to rule of civil procedure 18b and rule of appellate procedure 16, with no explanation of how these rules apply to the issue here.[10] An inadequately briefed issue may be waived on appeal. *Hall*, 919 S.W.2d at 467; *see also Fredonia State Bank*, 881 S.W.2d at 284–85. Parsons has waived this issue on appeal, and we overrule his eighth issue.

---

[10]We further note that neither the motion nor the order was found in the record before us.

### III.  The claims against DuPont and Conoco

#### A.  Partial summary judgment

Parsons presents his ninth issue as a complaint that the trial court erred by granting partial summary judgment in favor of Greenberg and Motsenbocker on the issue that lost punitives are not recoverable against a legal malpractice defendant.   However, his argument on this issue does not attempt to demonstrate why the summary judgment was in error, claiming only that because Parsons was not allowed to seek lost punitives against Greenberg and Motsenbocker, DuPont and Conoco unjustly benefitted somehow.   Parsons's argument on appeal is entirely without citation to authority, is inadequately briefed, and is thus waived. *Fredonia State Bank*, 881 S.W.2d at 284–85.  We overrule Parsons's ninth issue.

#### B.  Special exceptions

In Parsons's tenth issue, he argues that the trial court erroneously granted Conoco and DuPont's special exceptions and erred by granting their motion to dismiss.  Special exceptions may be used to challenge the sufficiency of a pleading. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998).  A special exception must point out a particular pleading and "intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to."  Tex. R. Civ. P. 91. When the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading. *Friesenhahn*, 960 S.W.2d at 658.  If a party

refuses to amend, or the amended pleading fails to state a cause of action, then summary judgment may be granted. *Id*. We review a trial court's decision to sustain special exceptions under an abuse of discretion standard. *Mowbray v. Avery*, 76 S.W.3d 663, 678 (Tex. App.—Corpus Christi 2002, pet. denied).

In his third amended petition, Parsons added claims against DuPont and Conoco. Parsons alleged that DuPont and Conoco were unjustly enriched by Greenberg and Motsenbocker's alleged fraud and breach of fiduciary duty to Parsons, and he sought the imposition of a constructive trust over funds that "should have been rightfully paid" to him had Greenberg and Motsenbocker filed a fraud-upon-the-court cause of action. DuPont and Conoco specially excepted, arguing that (1) unjust enrichment is not an independent cause of action, and (2) Parsons did not identify the funds that would be subject to a constructive trust. The trial court sustained the special exceptions and granted Parsons leave to file a fifth amended petition to replead his claims against DuPont and Conoco.[11]

Parsons filed his amended petition,[12] which included new allegations that unjust enrichment is an independent cause of action; that DuPont and Conoco were unjustly enriched by Greenberg and Motsenbocker's actions as well as the actions of "such other entity or person(s) that [Parsons] may demonstrate at trial";

---

[11]There is presumably a fourth amended petition but it does not appear in the record before us.

[12]The fifth amended petition also does not appear in the record except as an exhibit to DuPont and Conoco's special exceptions and motion to dismiss.

and identified the *res* of the constructive trust as DuPont and Conoco's insurance policy. DuPont and Conoco specially excepted again, arguing that Parsons's new allegations still did not state a cause of action against them. After a hearing on the motion, the trial court granted the special exceptions and dismissed Parsons's causes of actions against DuPont and Conoco. The trial court's order also stated that the claims against DuPont and Conoco for unjust enrichment and constructive trust were not ripe.

On appeal, Parsons does not address the dismissal grounds that his claims against DuPont and Conoco were not ripe. Because he has not attacked ripeness, we affirm the dismissal on that ground. *See Gross v. Carroll*, 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (affirming dismissal of plaintiff's claims because he failed to challenge all grounds on which the dismissal could have been based); *Britton v. Texas Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (affirming granting of a plea to the jurisdiction because the plaintiff did not attack all grounds supporting the grant). We overrule Parsons's tenth issue.

## Conclusion

Having overruled all of Parsons's issues on appeal, we affirm the judgment of the trial court.

LEE GABRIEL
JUSTICE

PANEL:  WALKER, McCOY, and GABRIEL, JJ.

DELIVERED:  February 2, 2012